**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| RED ROCK ANALYTICS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., QUALCOMM INC.,<br><br>Defendants. | Civil Action No. 6:21-cv-00346-ADA<br><br>**JURY TRIAL DEMANDED** |

**RED ROCK'S RESPONSE IN OPPOSITION TO DEFENDANTS' OPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENTAL CLAIM CONSTRUCTION BRIEF**

Defendants are now asking to file a sur-sur-reply claim construction brief in which they propose a new claim construction for the first time and cite extrinsic evidence they admit Red Rock produced "before the deadline for Defendants' [reply] claim construction brief." Mot. at 2. Because Defendants have not shown good cause for their late submission and because they have not identified any new matter in Red Rock's sur-reply brief, their Motion should be denied.

Although additional briefing is "'heavily disfavored,' it is within the sound discretion of the courts to grant or deny leave to file such additional briefing." *Silo Rest. Inc. v. Allied Prop. & Cas. Ins. Co.*, 420 F. Supp. 3d 562, 570 (W.D. Tex. 2019) (quoting *Warrior Energy Servs. Corp. v. ATP Titan M/V*, 551 F. App'x 749, 751 n.2 (5th Cir. 2014) (per curiam)). "[I]t is proper to deny a motion for leave to file a surreply [or other additional briefing] where the party fails to demonstrate ***exceptional or extraordinary circumstances*** warranting the relief sought. … a party must identify the new issues, theories, or arguments which the movant raised for the first time in its reply [or sur-reply] brief." *Id.* at 570-71.[1] "[A]s recognized by the Fifth Circuit, '[a]rguments raised for the first time in a reply brief are generally waived.' Such waiver often reduces a need for a sur-reply [or other additional briefing]." *Id.* at 571 (citing *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010)).

Defendants have not shown good cause, let alone "exceptional or extraordinary circumstances" in support of their request for a sur-sur-reply. Rather, Defendants are seeking a strategic advantage by introducing a new proposed claim construction after the close of briefing, thereby denying Red Rock a fair opportunity to respond. *Silo Rest.*, 551 F. App'x at 750 (additional briefs "often amount to little more than a strategic effort by the nonmovant to have the last word on a matter").

---

[1] All emphasis added and citations omitted unless otherwise noted.

### A. Defendants have Not been Diligent

Defendants argue their request is justified because "Red Rock did not produce Dr. Cafarella's transcript until well after the deadline for identifying extrinsic evidence, and mere days before the deadline for Defendants' final claim construction brief." Mot. at 2. This is a misleading statement of facts.

Red Rock did not produce Dr. Cafarella's deposition transcript on the extrinsic evidence deadline because that deadline specifies "parties shall disclose any extrinsic evidence … ***they may rely upon*** with respect to claim construction." Dkt. 81. Red Rock has never cited or relied on Dr. Cafarella's testimony in claim construction briefing, and Red Rock believes his testimony is irrelevant to claim construction.

If Defendants had believed Dr. Cafarella's testimony was relevant, they could have noticed his deposition or served a request for production of his prior deposition transcript as part of claim construction discovery. They did neither, despite the fact that Red Rock previously produced a copy of the same deposition transcript to Apple during the *Apple I* litigation. Though Defendants knew about the transcript and had ample opportunities to seek Dr. Cafarella's testimony during claim construction discovery, they chose not to.

Separately, as part of ***venue transfer discovery***, Red Rock produced Dr. Cafarella's deposition transcript on November 29, 2021. *See* Dkt. 78-2 at 1. Defendants' claim construction reply brief was due December 3, 2021. If Defendants had believed that Dr. Cafarella's transcript was relevant to their claim construction arguments, they could have cited the transcript in their reply or could have requested an extension of their reply deadline. They did neither.

On December 17, 2021, almost three weeks after Red Rock produced Dr. Cafarella's deposition transcript, the parties filed their Joint Claim Construction Statement. Dkt. 65. In this joint filing, the parties were required to state their final proposed claim constructions. But

Defendants did not disclose their new claim construction and did not tell Red Rock they intended to seek additional briefing.

Defendants first notified Red Rock of their intent to seek additional briefing on January 21, 2022, almost two months after Red Rock produced the Cafarella transcript and more than a month after the parties submitted the final Joint Claim Construction Statement. Dkt. 78-2 at 4. Defendants' Motion provides no explanation for this delay. Laying behind the log for months with a new claim construction in one's back pocket indicates, at best, an extreme lack of diligence.

**B. Defendants are Not Addressing New Issues or Arguments**

Defendants' Motion does not claim that Red Rock raised any new arguments in its sur-reply. A party moving for a sur-sur-reply "must identify the new issues, theories, or arguments which the movant raised for the first time" in the sur-reply. *See Silo Rest.*, 551 F. App'x at 751. Defendants' failure to identify any new issues, theories, or arguments in Red Rock's sur-reply is dispositive.

Defendants say "Red Rock made arguments in its sur-reply claim construction brief that are inconsistent with Dr. Cafarella's testimony," but their Motion does not identify these arguments. Mot. at 1. Defendants' proposed sur-sur-reply does not identify them either. However, the sur-sur-reply only cites Red Rock's sur-reply once, so this must be what Defendants are referring to: "Red Rock argues that the claim language 'permits multiple minimization operations' (Dkt. 50 at 7) and that it would be 'nonsensical' to require that the observable indicator can only be minimized after it is minimized twice (that is, once with respect to the transmit chain and once with respect to the receive chain) (Dkt. 64 at 3)." Dkt. 78-1 at 1.

Note that the above sentence in Defendants' proposed sur-sur-reply quotes Red Rock's ***response*** claim construction brief, *i.e.*, Dkt. 50, in addition to the sur-reply. In other words, Defendants concede that Red Rock is ***not*** raising a new argument in its sur-reply but is rather

reiterating the same argument Red Rock had previously made in its response. Defendants had the opportunity to address this argument in their reply (citing Dr. Cafarella's testimony if desired), but they declined to do so.

Because Red Rock did not raise any new arguments in its sur-reply, and because the only sur-reply passage Defendants cite simply reiterates arguments made in Red Rock's response, Defendants have not identified any "new issues, theories, or arguments" and therefore have not shown good cause for additional briefing.

**C. The Proposed Sur-Sur-Reply is Futile**

"Arguments raised for the first time in a reply brief are generally waived." *Jones*, 600 F.3d at 541. The same is true of sur-replies and sur-sur-replies. If Red Rock's sur-reply raised any new arguments (as discussed above, it did not), then those arguments would be waived. Likewise, Defendants' new arguments and new claim constructions in their sur-sur-reply are also waived. Allowing additional briefing would be futile and a waste of time in light of this waiver. *See also Cent. Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Sols., P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007) ("The district court found that [defendants] waived any argument with respect to this term by failing to raise it during the claim construction phase. We agree.").

Moreover, Defendants' new arguments and new construction are entirely premised on a single piece of extrinsic evidence—the prior deposition testimony of inventor John Cafarella in the *Samsung* litigation. Inventor testimony is uniquely unpersuasive evidence in the claim construction context. *See, e.g., Solomon v. Kimberly-Clark Corp.*, 216 F.3d 1372, 1379 (Fed. Cir. 2000) ("litigation-derived inventor testimony in the context of claim construction … is entitled to little, if any, probative value"); *Howmedica Osteonics Corp. v. Wright Med. Tech., Inc.*, 540 F.3d 1337, 1347 (Fed. Cir. 2008) ("We hold that inventor testimony as to the inventor's subjective intent is irrelevant to the issue of claim construction."); *Unwired Planet L.L.C. v. Google, Inc.*, 660 F.

App'x 974, 984 (Fed. Cir. 2016) ("We first note that the district court wrongly relied on the inventor's testimony about his subjective understanding of the meaning of 'reduced image.' … Because this testimony is irrelevant as a matter of law, we do not review the court's findings on this evidence.").

The specific testimony Defendants cite is especially irrelevant to claim construction because Dr. Cafarella made clear he was testifying about ***embodiments*** depicted in the '313 Patent and was not testifying about the meaning of any claim or claim term. Predictably, Defendants' proposed sur-sur-reply removes this context from the passages they cite, *e.g.*:

> Q. I'll direct your attention to Figure 4 of Exhibit 29. Using Figure 4, can you just briefly describe how the calibration signal is generated and is used to calibrate the transmitter and receiver?
>
> A. ***This is a preferred embodiment***, which minimizes the number of excess components, and in this case, the calibration signals generated here at baseband, it goes up the transmit chain, across, down the receive chain, and the receive side does the observables and then determines the corrections that have to be made. It can hold the receive chain fixed and vary the transmit chain, so it minimizes that paraboloid in this -- ***in this embodiment***, and then it can hold the transmit fixed and vary the receive chain parameters. And by doing that back and forth, you get to the bottom of that paraboloid.

Ex. 19 at 162:16-163:9.

> Q. Is that saying that the observable indicator that's going to be minimized is the square or the magnitude of the ghost signal?
>
> A. In this case, ***in this example***, yes.

*Id.* at 171:17-20.

**D. Red Rock would be Prejudiced**

The Court's Order Governing Proceedings sets a schedule for claim construction disclosures, whereby parties exchange proposed constructions and evidence they intend to rely on well in advance of the briefing. To give Defendants a surprise "do-over" at this stage of the case—

to permit a new construction and new arguments after claim construction issues have been fully briefed—is intrinsically prejudicial to Red Rock.

The purpose of patent local rules is to "require parties to crystallize their theories of the case early in the litigation so as to prevent the 'shifting sands' approach to claim construction." *O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006). Here, Red Rock's claim construction briefing addressed Defendants' original claim construction of "observable indicator," which they were required to "crystalize" before briefing began. Permitting Defendants to take a "shifting sands" approach to their proposed construction and arguments at this stage of the case forces Red Rock to hit a moving target. This kind of prejudice is what the Court's rules and procedures are designed to avoid.

**E. Conclusion**

Red Rock respectfully requests the Court deny Defendants' Motion for Leave. If the Court grants Defendants' Motion, Red Rock respectfully requests leave to file a response to Defendants' sur-sur-reply.

Dated: February 2, 2022

Respectfully submitted:

*/s/ Alden G. Harris*
Leslie V. Payne (Texas Bar No. 00784736)
lpayne@hpcllp.com
Michael F. Heim (Texas Bar No. 09380923)
mheim@hpcllp.com
Alden G. Harris (Texas Bar No. 24083138)
aharris@hpcllp.com
HEIM, PAYNE & CHORUSH, L.L.P.
1111 Bagby, Suite 2100
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021

T. John Ward, Jr. (Texas Bar No. 00794818)
jw@wsfirm.com
Claire Abernathy Henry (Texas Bar No. 24053063)
claire@wsfirm.com
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone (903) 757-6400
Facsimile (903) 757-2323

S. Calvin Capshaw (Texas Bar No. 03783900)
ccapshaw@capshawlaw.com
Elizabeth L. DeRieux (TX Bar No. 05770585)
ederieux@capshawlaw.com
CAPSHAW DERIEUX LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770

**ATTORNEYS FOR RED ROCK ANALYTICS, LLC**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system on February 2, 2022.

*/s/ Alden G. Harris*
Alden G. Harris