**CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| RED ROCK ANALYTICS, LLC, | |
| Plaintiff, | Civil Action No. 6:21-cv-00346-ADA |
| v. | |
| APPLE INC., QUALCOMM, INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

**RED ROCK'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION
TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a)**

i

CONFIDENTIAL – ATTORNEYS' EYES ONLY

## TABLE OF CONTENTS

I.     The Court Should Deny Defendants' Motion to Exclude Expert Testimony ......................1

II.    The Court Congestion Factor Strongly Disfavors Transfer .................................................4

III.   The Cost of Attendance for Willing Witnesses Disfavors Transfer ...................................5

IV.    The Availability of Compulsory Process to Secure Witnesses Disfavors Transfer ..........11

V.     The Relative Ease of Access to Sources of Proof Disfavors Transfer ..............................14

VI.    The Local Interest Factor Disfavors Transfer ..................................................................15

CONFIDENTIAL – ATTORNEYS' EYES ONLY

## TABLE OF AUTHORITIES

**Cases**

*Dataquill, Ltd. v. Apple Inc.,*
    2014 U.S. Dist. LEXIS 82410, 2014 WL 2722201 ......................................................13

*In re Google LLC,*
    2021 U.S. App. LEXIS 29137 (Fed. Cir. Sep. 27, 2021) .................................................11

*In re Google LLC,*
    2021 U.S. App. LEXIS 33789 (Fed. Cir. Nov. 15, 2021).................................................15

*In re HP Inc.,*
    826 F. App'x 899 ......................................................................................................14

*In re Genentech, Inc.,*
    566 F.3d 1338 (Fed. Cir. 2009)..................................................................................6, 10

*In re Juniper Networks, Inc.,*
    2021 U.S. App. LEXIS 29036 (Fed. Cir. Sep. 24, 2021)
    ..................................................................................................................................10

*In re Juniper Networks, Inc.,*
    14 F.4th 1313, 1319 (Fed. Cir. 2021) .............................................................................10

*Lightfoot v. MXEnergy Elec., Inc.,*
    690 F.3d 352 (5th Cir. 2012) ...........................................................................................2

*Monterey Research, LLC v. Broadcom Corp.,*
    2022 U.S. Dist. LEXIS 30366,
    2022 WL 526242 (W.D. Tex. Feb. 21, 2022)................................................1, 9, 10, 11, 19

*Quanta Comput., Inc. v. LG Elecs., Inc.,*
    553 U.S. 617 (2008)......................................................................................................13

*Weatherford Tech. Holdings v. Tesco Corp.,*
    2018 U.S. Dist. LEXIS 231592 (E.D. Tex. May 22, 2018)................................................2

**Rules**

Fed. R. Evid. 702 .............................................................................................................2, 3

Fed. R. Evid. 704 ................................................................................................................2

NDCA Patent L.R. 3-8.........................................................................................................4

CONFIDENTIAL – ATTORNEYS' EYES ONLY

## TABLE OF EXHIBITS

### Opposition Brief Exhibits

| Ex. No. | DESCRIPTION |
|---|---|
| | DEPOSITIONS |
| 1 | Deposition transcript of Rajiv Vijavan, taken on November 17, 2021 (Attorney's Eyes Only, highlighting added) |
| 2 | Deposition transcript of Mark Rollins, taken on November 19, 2021 (Attorney's Eyes Only, highlighting added) |
| 3 | Deposition transcript of Seydou Ba, taken on November 30, 2021 (Attorney's Eyes Only, highlighting added) |
| 4 | Deposition transcript of Kai Oeffner, taken on November 30, 2021 (Attorney's Eyes Only, highlighting added) |
| 5 | Deposition transcript of Dinkar Piratla, taken on December 8, 2021 (Attorney's Eyes Only, highlighting added) |
| 6 | Deposition transcript of Tricia Dugan, taken on December 9, 2021 (Attorney's Eyes Only, highlighting added) |
| 7 | Deposition transcript of Anthony Simon, taken on December 15, 2021 (Attorney's Eyes Only, highlighting added) |
| 8 | Deposition transcript of John Cafarella, taken on December 17, 2021 (highlighting added) |
| | INTERROGATORY RESPONSES |
| 9 | Defendant Apple's Objections and Responses to Red Rock's Interrogatories Nos. 1-5 Regarding Defendants' Motion to Transfer, dated October 4, 2021 (Outside Attorneys Eyes Only) |
| 10 | Defendant Qualcomm, Inc.'s Responses and Objections to Red Rock's Interrogatories Nos. 1-5 Regarding Defendants' Motion to Transfer, dated October 4, 2021 |
| 11 | Defendant Apple's First Supplemental and Amended Objections and Responses to Red Rock's Interrogatories Nos. 1-2 and 4 Regarding Defendants' Motion to Transfer, dated October 27, 2021 (Outside Attorneys Eyes Only) |
| 12 | Qualcomm Inc.'s First Supplemental Responses and Objections to Plaintiff Red Rock's Interrogatories to Qualcomm Nos. 1-2 Regarding Defendants' Motion to Transfer, dated November 1, 2021 (Attorneys' Eyes Only) |
| 13 | Qualcomm Inc.'s First Supplemental Responses and Objections to Plaintiff Red Rock's Interrogatories to Qualcomm Nos. 3-4 Regarding Defendants' Motion to Transfer and Appendix A, dated November 11, 2021 (Attorneys' Eyes Only) |
| 14 | Defendant Apple's Second Supplemental and Amended Objections and Responses to Red Rock's Interrogatory No. 4 Regarding Defendants' Motion to Transfer, dated November 11, 2021 (Outside Attorneys Eyes Only) |
| 15 | Qualcomm Inc.'s Second Supplemental Responses and Objections to Plaintiff Red Rock's Interrogatories to Qualcomm No. 3 Regarding Defendants' Motion to Transfer, dated November 12, 2021 (Attorneys' Eyes Only) |
| 16 | Qualcomm Inc.'s Third Supplemental Responses and Objections to Plaintiff Red Rock's Interrogatories to Qualcomm No. 3 Regarding Defendant's Motion to Transfer and Appendices A-B, dated December 3, 2021 (Attorneys' Eyes Only) |

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**

| Ex. No. | DESCRIPTION |
|---------|-------------|
| 17 | Qualcomm Inc.'s Second Supplemental Responses and Objections to Plaintiff Red Rock's Interrogatories to Qualcomm No. 4 Regarding Defendants' Motion to Transfer, dated December 15, 2021 (Attorneys' Eyes Only) |
| 18 | Qualcomm Incorporated's First Supplemental Responses and Objections to Plaintiff Red Rock's Interrogatories to Qualcomm No. 2 Regarding Defendants' Motion to Transfer, dated December 20, 2021 (Attorneys' Eyes Only) |
| 19 | Qualcomm Incorporated's Fourth Supplemental Responses and Objections to Plaintiff Red Rock's Interrogatories to Qualcomm No. 3 Regarding Defendants' Motion to Transfer, dated December 20, 2021 (Attorneys' Eyes Only) |
| 20 | Qualcomm Incorporated's Fifth Supplemental Responses and Objections to Plaintiff Red Rock's Interrogatories to Qualcomm No. 3 Regarding Defendants' Motion to Transfer and Amended Appendix B and Appendices C-D, dated December 22, 2021 (Attorneys' Eyes Only) |
| | **REQUESTS FOR PRODUCTION RESPONSES** |
| 21 | Defendant Apple's Objections and Response to Red Rock's Requests for Production Nos. 1-10 Regarding Defendants' Motion to Transfer, dated October 4, 2021 |
| 22 | Qualcomm, Inc.'s Responses and Objections to Plaintiff Red Rock's Requests for Production Nos. 1-10 to Qualcomm Regarding Defendants' Motion to Transfer, dated October 4, 2021 |
| | **DEFENDANTS' DECLARATIONS** |
| 23 | Second Declaration of Mark Rollins, executed December 14, 2021 |
| 24 | Second Declaration of Anthony Simon in Support of Defendant Qualcomm Incorporated's Motion to Transfer Venue to the Northern District of California and Exhibit A, executed December 17, 2021 (Attorneys' Eyes Only) |
| 25 | Third Declaration of Anthony Simon in Support of Defendant Qualcomm Incorporated's Motion to Transfer Venue to the Northern District of California, executed January 5, 2021 (Attorneys' Eyes Only) |
| | **LINKEDIN PAGES** |
| 26 | Apple - Amy Mahan |
| 27 | Apple – Angelika Schneider |
| 28 | Apple – Anuj Dharia |
| 29 | Apple – David Standefer |
| 30 | Apple – Fikret Dulger |
| 31 | Apple – Glen Lochte |
| 32 | Apple – Howard Konetzke III |
| 33 | Apple – Jason Durnin |
| 34 | Apple – Jason Wakefield |
| 35 | Apple – John Marcincavage |
| 36 | Apple – Kai Oeffner, CMA |
| 37 | Apple – Lai Jin |
| 38 | Apple – Marcelo Ponce |
| 39 | Apple – Mary Anna Baldino |
| 40 | Apple – Nida Saiyed |
| 41 | Apple – Paul Fontaine |

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**

| Ex. No. | DESCRIPTION |
|---------|-------------|
| 42 | Apple – Paul Salas |
| 43 | Apple – Scott Foster |
| 44 | Apple – Seydou Ba |
| 45 | Qualcomm – Abdellatif Bellaouar |
| 46 | Qualcomm – Dinkar Piratla |
| 47 | Qualcomm – Ken Noblitt |
| 48 | Qualcomm –Matt Severson |
| 49 | Qualcomm – Sherif Embabi |
| 50 | Qualcomm – Teja Renukaradhya |
| 51 | Qualcomm – Tim Short |
| 52 | Qualcomm – Tom Leach |
| 53 | Qualcomm – Tricia Dugan |
| | **TECHNICAL DOCUMENTS** |
| 54 | U.S Patent No. 10,326,420 to Bellaouar et al. |
| 55 | U.S Patent No. 10,944,437 to Bellaouar et al. |
| 56 | S.T. Lee et al., A 1.5V 28mA Fully-Integrated Fast-Locking Quad-Band GSM-GPRS Transmitter with Digital Auto-Calibration in 130nm CMOS, 2004 |
| 57 | U.S. Patent No. 7,376,400 to Bellaouar et al. |
| 58 | Oliver Werther et al., A Fully Integrated 14 Band, 3.1 to 10.6 GHz 0.13 um SiGe BiCMOS UWB RF Transceiver, December 2008 |
| 59 | Sher Jiun Fang et al., A 28GHz Sliding-IF Receiver in 22nm FDSOI, downloaded May 26, 2020 |
| 60 | Bertan Bakkaloglu et al., A 1.5-V Multi-Mode Quad-Band RF Receiver for GSM/EDGE/CDMA2K in 90-nm Digital CMOS Process, May 2006 |
| 61 | Ranjit Gharpurey et al., A Direct-Conversion Receiver for the 3G WCDMA Standard, March 2003 |
| 62 | Efficient Digital Baseband Predistortion for Modern Wireless Handsets, A Thesis Presented to The Academic Faculty by Seydou Nourou Ba, December 2009 |
| 63 | U.S. Patent No. 8,150,335 to Waheed et al. |
| 64 | Khurram Waheed et al., Adaptive Digital Linearization of a DRP based EDGE Transmitter for Cellular Handsets, 2007 |
| 65 | Sher Jiun Fang et al., A 90nm CMOS Receiver Front-End for GSM/GPRS/EDGE, 2006 |
| | **OTHER EXHIBITS** |
| 66 | Memorandum Order, *Red Rock Analytics, LLC v. Samsung Electronics Co., Ltd. et al.*, Case No. 2:17-cv-00101-RWS-RSP, Dkt. No. 219, February 6, 2019 |
| 67 | Red Rock's Preliminary Infringement Contentions, *Red Rock Analytics, LLC v. Apple Inc., Qualcomm, Inc.*; Case No. 6:21-cv-00346-ADA, served July 1, 2021 |
| 68 | First Amended Exhibit A to Red Rock's Preliminary Infringement Contentions, *Red Rock Analytics, LLC v. Apple Inc., Qualcomm, Inc.*; Case No. 6:21-cv-00346-ADA, served October 4, 2021 |
| 69 | First Amended Exhibit B to Red Rock's Preliminary Infringement Contentions, *Red Rock Analytics, LLC v. Apple Inc., Qualcomm, Inc.*; Case No. 6:21-cv-00346-ADA, served October 4, 2021 |

CONFIDENTIAL – ATTORNEYS' EYES ONLY

| Ex. No. | Description |
|---------|-------------|
| 70 | Exhibit C to Red Rock's Preliminary Infringement Contentions, *Red Rock Analytics, LLC v. Apple Inc., Qualcomm, Inc.*; Case No. 6:21-cv-00346-ADA, served July 1, 2021 |
| 71 | Exhibit D to Red Rock's Preliminary Infringement Contentions, *Red Rock Analytics, LLC v. Apple Inc., Qualcomm, Inc.*; Case No. 6:21-cv-00346-ADA, served July 1, 2021 |
| 72 | Transcript of Discovery Hearing held before the Honorable Alan D. Albright, *Red Rock Analytics, LLC v. Apple Inc., Qualcomm, Inc.*; Case No. 6:21-cv-00346-ADA, November 18, 2021 |
| 73 | Spreadsheet produced by Qualcomm, Bates numbered QCRRAMTT346_00000022 (Attorneys' Eyes Only) |
| 74 | Spreadsheet produced by Apple, Bates numbered APL-RR-II_00000806 (Attorneys' Eyes Only) |
| 75 | Document titled "███████████████████████" produced by Apple, Bates numbered APL-RR_II_00000255 (Attorneys' Eyes Only) |
| 76 | Email string involving Regan Rundio [law clerk to the Hon. Alan D. Albright] and counsel for Red Rock, Apple and Qualcomm regarding a discovery dispute, dated between November 18 and December 8, 2021 |
| 77 | Tweet from the verified account of Juho Sarvikas, Qualcomm's President of North America, dated May 17, 2021 |

**Sur-Reply Brief Exhibits**

| Ex. No. | Description |
|---------|-------------|
| 78 | Expert Report of Dr. Christopher R. Jones, *Red Rock Analytics, LLC v. Samsung Electronics Co. Ltd., et al.*, No. 2:17-cv-00101-RWS-RSP, dated September 14, 2018, Bates numbered RRA-APP-QCM-00021447-638 |
| 79 | "RF Wafer Test and Measurements basics" from RF Wireless World |
| 80 | "Samsung needs room for next generation chip" by Tom Fowler, Austin Business Journal, published June 27, 1999 |
| 81 | LinkedIn Profile of Seung Ju. H. with Samsung |
| 82 | "Product Engineer - Austin, TX 78754" from Indeed.com |
| 83 | Job listing for "Test Technology Operation Engineer Technician–1 - Austin, TX 78754" from Indeed.com |
| 84 | "Test System Optimized for High-Performance Digital and SoC" from Teradyne |
| 85 | "V93000 Port Scale RF User Training" from Advantest Corporation |
| 86 | "The Fundamental RF Test" from Advantest Corporation |
| 87 | Deposition Transcript of Ron Murias, taken on February 10, 2022 (Highly Confidential – Attorneys' Eyes Only) |
| 88 | Fall 2017 issue of New York Dispute Resolution Lawyer, Volume 10, No. 2 |
| 89 | "The Economic Impact of Budget Cutbacks: A Judicial Trilogy" by Micronomics, ERS Group, and SourceHOV |

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**

| Ex. No. | DESCRIPTION |
|---------|-------------|
| 90 | "Efficiency and Economic Benefits of Dispute Resolution through Arbitration Compared with U.S. District Court Proceedings" by Roy Weinstein, Cullen Edes, Joe Hale, and Nels Pearsall, March 2017 |
| 91 | Time to trial statistics, downloaded from Docket Navigator on March 31, 2022, for the Northern District of California and the Western District of Texas |
| 92 | Deposition Transcript of Roy Weinstein, taken on February 17, 2022 (Highly Confidential – Attorneys' Eyes Only) |
| 93 | Expert Report of Roy Weinstein, *Red Rock Analytics, LLC v. Samsung Electronics Co. Ltd., et al.*, No. 2:17-cv-00101-RWS-RSP, dated September 14, 2018, Bates numbered RRA-APP-QCM-00021217-406 (Highly Confidential – Attorneys' Eyes Only) |
| 94 | Subpoena Duces Tecum that Red Rock will serve on Samsung Austin Semiconductor, LLC when fact discovery opens |

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Apple, Qualcomm, and ████ have nearly twenty thousand employees in Texas, and Red Rock has accused Defendants' flagship products of infringement. Yet Defendants ask the Court to accept an absurd claim—that not even one of these employees is relevant. The absurdity results from their violation of the Court's guidance in *Monterey*: "Realistically, the opening inquiry should be 'where are the relevant witnesses located?'; not 'are there relevant witnesses located in California?'" The absurdity is exacerbated by Defendants' gerrymandered definition of relevance, limited to the "smallest team" or "smallest group unit" that works on "algorithms and techniques" for I-Q calibration. Opp., 2-3. They used this definition to exclude relevant hardware and non-technical witnesses in Texas who do not specifically work on "algorithms and techniques." *Id.* Defendants claim their investigation included "software and hardware," but contradict themselves by repeatedly arguing the "hardware-related limitations are generically recited and simply facilitate the alleged I-Q gain calibration." Reply, 11 n.4, 13, 30-31. Defendants' declarants confirmed they did not investigate their Texas hardware operations. Ex. 1, 24:21-25 ████████████ ██████████████████████████████████████████████████ ██████████████████████████████████████████████████ ██████████████████████████████████; Ex. 2, 89:9-15 ("Q. Would there be engineers in the ***Hardware*** org in Austin who are knowledgeable about the benefits of I-Q calibration? A. I am not aware either way."), 101:4-6 ("I'm not aware whether there are or are not any engineers in the ***Hardware*** Group at Austin that work on I-Q calibration.") (all emphasis added throughout). Red Rock and its experts filled the Texas-shaped black hole in Defendants' investigation with evidence and analysis proving WDTX is the true center of gravity.

## I.    <u>The Court Should Deny Defendants' Motion to Exclude Expert Testimony</u>

Defendants improperly ask the Court to "give no weight to (and otherwise exclude)" Red

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Rock's experts under Fed. R. Evid. 702 and 704. Reply, 2.[1] Rule 704 does not apply because neither expert opines on the ultimate outcome of any factor, nor states any "ultimate conclusion." And Rule 702's "gatekeeping" role does not apply when the Court sits as factfinder. *Lightfoot v. MXEnergy Elec., Inc.*, 690 F.3d 352, 357-58 (5th Cir. 2012) (*Daubert* safeguards "are not as essential. . . where a judge sits as the trier of fact in place of a jury.").

Moreover, Defendants' criticisms are not challenges to qualifications and methodology, they are disagreements with opinions. They accuse Red Rock's witnesses of being "mere mouthpieces for attorney argument," but they point to well-reasoned analysis in the declarations and call it "argument" because they do not agree. Reply, 7. This goes to weight, not admissibility; the Court can weigh an expert's credibility the same way it weighs any other witness' credibility.

Defendants claim Mr. Weinstein is not "qualified to opine on the *Volkswagen* factors" because he is not a lawyer, and does not have inside knowledge of how Defendants' "departments, groups, and teams" operate. Reply, 2-3. But Red Rock does not offer Mr. Weinstein as a legal expert. Defendants concede "Weinstein is an economist and statistician" and an expert on patent damages. *Id.*, 3. As such, he is qualified to explain why certain witnesses, teams, and documents are relevant to damages, the estimated travel costs, and the opportunity costs of trial delays. Defendants' arguments regarding Mr. Murias are similarly misguided: he does not need expertise regarding the "organization structure within Qualcomm, Apple, ███████" (*id.*, 3-4) to offer opinions on the relevance of technical witnesses and teams. Defendants do not dispute Mr. Murias's core qualifications as a wireless transceiver expert.

Defendants also argue Red Rock's experts' opinions "should be disregarded because they are

---

[1] There is no history of Rule 702 "exclusion" of expert opinion in a motion to transfer. "Striking" is reserved for declarations that are "so lacking in credibility that striking" is required. *Weatherford Tech. Holdings v. Tesco Corp.*, 2018 U.S. Dist. LEXIS 231592, at *7 (E.D. Tex. May 22, 2018).

contrary to **unrebutted** [] evidence[,]" but later amend this to "disregarding **contrary** evidence." Reply, 4. Take for example Defendants' accusation that Red Rock's experts "identify [as relevant]…employees who are confirmed—via sworn declaration and deposition testimony…to have no knowledge relevant to the accused technology." *Id.* Many of the paragraphs cited by Defendants as the "unrebutted" or "contrary" evidence ***contain*** the very evidence supporting the experts' opinions. For example, Defendants say ███████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████ The experts analyzed all the record evidence, including Defendants' allegedly "contradictory" evidence. Weinstein ¶¶52-79, 81-82; Murias ¶¶33-137.

Defendants further argue the experts' opinions should be "disregarded" as "not based on reliable principles and methods" and "improper *ipse dixit*." Reply, 5. Both experts explain their methodology and supporting evidence. Mr. Weinstein explains he selected witnesses who have information or experience relevant to damages, even identifying the relevant *Georgia-Pacific* factors for each witness based on their job titles, LinkedIn pages, deposition testimony, and Defendants' discovery production. Weinstein ¶¶52-79, 81-82. Similarly, Mr. Murias selected witnesses with technical knowledge of infringement and technology value based on their job titles, LinkedIn pages, published work, patents, deposition testimony, and discovery. Murias ¶¶33-137. Defendants also criticize the experts for drawing from "personal knowledge and experiences" Reply, 5–6. But Rule 702 explicitly permits an expert to use their "***knowledge***" and "***experience***." 

Regarding Mr. Weinstein, Defendants wrongly label his damages estimate an "inadmissible rule of thumb," applying the standard for a final damages model following full discovery. Reply,

CONFIDENTIAL – ATTORNEYS' EYES ONLY

7. Red Rock must ultimately prove damages at trial, but here Defendants bear the burden of proving NDCA is "clearly more convenient." Mr. Weinstein provided a "conservative" estimate of damages based on available evidence. Estimating damages is not "speculative" or improper; NDCA even requires parties to submit an early damages estimate. NDCA PLR 3-8. Mr. Weinstein's calculation provides a reliable way to estimate the cost of delay, and Defendants have offered no contrary evidence. Regarding the opportunity cost calculation, Defendants must fundamentally misunderstand the concept of opportunity cost, as they criticize Mr. Weinstein for not relying on Red Rock's investment strategy. *Id*. As Mr. Weinstein himself explained, an opportunity cost is a loss to all parties and to society, not a loss specific to Red Rock. *See infra*, 5. Mr. Weinstein has previously used the same reliable methodology to calculate the opportunity cost of trial delays in a published paper, a report for the Los Angeles Superior Court System, and a report for the American Arbitration Association. Ex. 92, 137:3-138:21; Ex. 88; Ex. 89; Ex. 90.

## II.    The Court Congestion Factor Strongly Disfavors Transfer

Red Rock's data shows WDTX is 7+ months faster to trial than NDCA, and Defendants' own data shows WDTX is 11–15 months faster. Opp., 14; Reply, 36 (Defendants "agree" the difference is "6-8 months"). Defendants cite a case for the proposition the two venues are "comparable," but time to trial is a question of fact, not precedent. Defendants claim NDCA "can handle a much higher volume of trials," but this is contradicted by the evidence: in patent cases filed since 2018, NDCA has held 3 jury trials and WDTX has held 11. Reply, 36; Ex. 91. The facts are undisputed: this Court is at least "6-8 months" faster than NDCA. Defendants also have no evidence this delay is "not significant." Reply, 36. In contrast, Mr. Weinstein shows the cost of this delay exceeds $4 million, which dwarfs the costs of all other convenience factors combined. Weinstein ¶102.

Defendants refer to Mr. Weinstein's published and judicially approved methodology as

"speculation." Reply, 36. Defendants do not seem to understand Mr. Weinstein's methodology. They claim he calculated "alleged losses to RRA as a result of the delay." *Id*. That is not correct. Mr. Weinstein calculated "***lost resources*** attributable to delay between the NDCA and the WDTX Waco Division, which ***represents value unavailable to litigants***." Weinstein ¶99. He explained opportunity cost is a "deadweight loss" caused by resources being tied up in delay:

> Q When you talk about opportunity costs, who pays that cost?
> A Well, ***society bears the burden of those costs***. It's the parties themselves that have to … respond in ways that are consistent with the FASB [Financial Accounting Standards Board] 5 requirement, namely to accrue for contingent liabilities where the outcome is uncertain. … So ***an opportunity cost is a loss that's experienced both by the parties and by the community at large***. … it's what an economist like myself would refer to as a ***deadweight loss***. There's no benefit to society from delaying the adjudication of disputes between parties for seven months, give or take. That creates an opportunity cost for the parties, which in turn resonates beyond the parties themselves.

Ex. 92, 244:7-24, 245:17-23.

Defendants also argue the "AIPLA surveyed fees based on the 'location of survey respondent,' not the court in which a given case was pending." Reply, 37. The data reflects "Total Costs: ***Litigation***–Patent Infringement, All Varieties ***by Location***." Regardless of how one interprets the AIPLA survey, the point is the same: the delays in NDCA (where San Francisco "respondents" litigate) create massive additional costs. Weinstein ¶107.

### III.    The Cost of Attendance for Willing Witnesses Disfavors Transfer

Red Rock has shown twenty-eight relevant witnesses are in Texas (Tom Leach, the twenty-ninth witness, recently modified his LinkedIn profile indicating he is no longer at Qualcomm). Red Rock's witnesses are backed up by admissible evidence and expert analysis. Defendants claim the Texas witnesses identified by Red Rock lack "broad knowledge" and imply a witness must be knowledgeable about every conceivable topic, *e.g.*, arguing sales witnesses lack "knowledge of the accused technology." Reply, 12, 23, 24. This is an improper standard. Red Rock need only

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**

show "the relevance and materiality of the information the witness may provide." *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009). Nor is it a standard that Defendants' California witnesses can meet. Mr. Rollins testified ███████████████████████████████████

████████████████████████████████████████████████████████████████████

██ Similarly, Qualcomm's declarants testified ████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████

Mr. Weinstein relies on the testimony of Apple's own witnesses to show the ████████

█████████ and ████████████ teams in Austin are relevant, with responsibilities including

████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████ The Reply

has no rebuttal, nor do Mr. Rollins' declarations even mention these teams. Dkt. 45-17; Ex. 23.

Regarding Apple's ████████████ team in Austin, Defendants cite ██████████████████

███████████████████████████████████████████ But Mr. Rollins testified

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████ Nor have Defendants disputed ████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████

Apple downplays their fourteen non-technical witnesses, arguing they have "limited … knowledge," but ultimately fails to rebut their relevance. Reply, 21-22; Weinstein ¶¶58-71. Apple

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**

concedes ███████████████████████████████████████████

████████████████████████████████████████████████████████

Apple concedes ████████████████████████████████████████

████████████████████████████████████ thereby conceding Mr. Weinstein's opinions

about ████████████ Weinstein ¶64.  Similarly, ██████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████ But Apple has not shown █

████████████████████████████████████████████████████████

███████████████████████████████████████████████████

Apple concedes Seydou Ba wrote his dissertation on I-Q calibration and its impact on EVM

and invented several I-Q calibration patents. Reply, 20; Opp., 10. Apple argues ████████████

████████████████████████████ but cannot dispute it is relevant. Red Rock

stipulates it *will* call Dr. Ba at trial; he will provide powerful admissions about ████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██ But Mr. Murias testified: ██████████████████████████████████

████████████████████████████████████████████████████████ No

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Apple witness ████████████████████████████████████████████

████████████████████████████████████████ Opp., 10.

Apple fails to rebut Red Rock's evidence that its other four technical witnesses in Texas have "knowledge relevant to infringement and the value of the patented features." Opp., 10-11; Murias ¶¶66-82. Apple concedes these witnesses ████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

█████████████████████████████████████████████

Qualcomm does not rebut Red Rock's evidence for ██████████████████████

████████████████████████████████████████████████████████████

Rather, Qualcomm argues ████████████████████████████████████

█████████ Reply, 12. But these are non-technical witnesses, and Qualcomm has not shown its non-technical NDCA witnesses have knowledge of the accused technology; ████████████████

████████████████████████████████████████████████

Qualcomm dismisses its ██████████████████████████████████

███████████████████████████████ This is an example of Defendants' gerrymandered relevance definition excluding ████████████████████████████████

████████████████████████████████████████████████████████████

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**

██████████████████████████████████████ Mr.  Murias  testified ████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

Qualcomm asserts ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████ Qualcomm cannot carry

its burden by redefining words. *Monterey*, *22 ("it is telling that [the movant's declarant] did little

to no research himself, but then added mitigating phrases"). ██████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████

9

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Defendants argue Mr. Murias did not cite witness testimony in the *Samsung* case, but he did not submit a report. Dr. Jones's report cited five witnesses and Mr. Weinstein's cited six. Ex. 78; Ex. 93. Defendants, therefore, improperly assume few technical witnesses will testify. *Genentech*, 566 F.3d at 1343; *In re Juniper Networks, Inc.*, 2021 U.S. App. LEXIS 29036, *11 (Fed. Cir. Sep. 24, 2021) (rejecting the "assumption that [parties] are likely to call few" identified witnesses).

Qualcomm has no evidence that the "six NDCA and six SDCA authors" of "papers and patents" cited in contentions are relevant. Reply, 11-12. The mere fact that a name appears on a document is not sufficient, by itself, to show a witness is relevant. *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1319 (Fed. Cir. 2021) ("publications and titles alone do not show that these witnesses have information"); *Monterey*, *29 ("A name on an org-chart is rather meaningless for analysis of a transfer for purposes of venue when nothing more is given.").

Dr. Cafarella and Mr. Fischer testified WDTX is more convenient. Opp., 13. Mr. Weinstein showed it is less expensive for them to attend trial in WDTX. Weinstein ¶¶49-50. Defendants do not rebut this evidence. They try to argue a few hours' travel time is "significant" for SDCA witnesses, but they also acknowledge Dr. Cafarella's travel time is "comparable" because the difference is only a few hours. Reply, 25-26. A few hours of travel has a minimal impact where witnesses "will be required to travel a significant distance no matter where they testify and …

CONFIDENTIAL – ATTORNEYS' EYES ONLY

leave home." *In re Google LLC*, 2021 U.S. App. LEXIS 29137, *11 (Fed. Cir. Sep. 27, 2021); *see also Monterey*, *37 ("any witness beyond 100-miles of the WDTX … suffers the same inconvenience regardless."). The unrebutted evidence shows NDCA is much more costly for Dr. Cafarella, and NDCA is slightly more costly for Mr. Fischer.

Defendants criticize Mr. Weinstein for not considering "time costs," but contradict this by acknowledging a few hours' additional travel time is insignificant. Reply, 25-26. Defendants cite *Google* as holding "***time away from home***" is an important consideration," but small differences in travel time do not meaningfully impact total "time away from home" for SDCA witnesses, who must stay in a hotel either way. *Id.*, 26. Defendants also criticize Mr. Weinstein for petty things like not including airport hotels in his calculations, yet they do not explain why he should have included them or how this would change the result. *Id.* Despite bearing the burden of proof, Defendants have not presented ***any*** evidence on the cost of trial attendance for ***any*** witness. They have no flight, lodging, or transportation cost evidence at all. In contrast, Mr. Weinstein proves WDTX is more convenient and less costly for willing witnesses. Weinstein ¶¶80, 85-92.

**IV.    The Availability of Compulsory Process to Secure Witnesses Disfavors Transfer**

Red Rock has attached the subpoena it will serve on SAS when discovery opens. Ex. 94.

11

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**

███████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

Defendants cite *Dataquill*, but that case was radically different. The technology in *Dataquill* was software, Apple's "App Store, iTunes, and iBooks software programs." *Dataquill*, 2014 U.S. Dist. LEXIS 82410, *3. This case is about wireless chips, the claims recite hardware components,

█████████████████████████████████████████

Defendants argue "Mohindra references are cited on the face of the patent," and "RRA cited [Zhang's] publications in its infringement contentions" but do not explain how they are relevant witnesses. Reply, 27. Defendants are correct that the Court must "engage in a case-by-case analysis based on specific facts in the record" rather than assume prior art authors are relevant. *Id.* The mere fact that someone's name appears on a cited document, standing alone, is not sufficient. *See supra* at 10-11. Defendants have failed to show these cherry-picked authors are relevant witnesses.

Defendants further argue "[c]ompulsory process can secure the attendance of two potential witnesses identified by Defendants in NDCA, but only one potential witness RRA identifies in WDTX." Reply, 31-32. █████████████████████████████████

██████████████████████████ SAS has approximately 10,000 employees in Austin. Weinstein ¶114. ████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**

███████████████████    Red Rock does not yet know the names ████████████████
but the law does not require such identification. *In re HP Inc.*, 826 F. App'x at 903.

V.    **The Relative Ease of Access to Sources of Proof Disfavors Transfer**

Defendants claim only ████████████████████████████████████
████████████████████████████████████████████████    But Apple's
declarant stated ████████████████████████████████████████████
█████████████████████████████████    Defendants cannot show the ████████████
████████████ database is relevant given their declarant's contrary testimony. *See Monterey*, *28
("The discrepancies among the cited evidence are cause for concern"). Every other server
Defendants discuss ████████████████████████████████████

Apple's interrogatory response only listed names and locations of databases, without
explaining what was stored on those databases or why it is relevant. Ex. 14, 13-16. Mark Rollins
was unable to name ***any*** relevant information, ████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████████████████████████████████████    This failure
renders his testimony unreliable. *Monterey*, *9-10 ("general allegations unsupported by specific
evidence do not tip the scales in a transfer analysis … nothing in the declaration cites to any
specific documents or sources of proof"). Defendants' exclusive focus on the location of servers
also neglects the "location of document custodians and location where documents are created and

---

[2] ████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████

CONFIDENTIAL – ATTORNEYS' EYES ONLY

maintained." *In re Google LLC*, 2021 U.S. App. LEXIS 33789, *7 (Fed. Cir. Nov. 15, 2021). Numerous party witnesses and teams in Texas create and maintain sources of proof. Opp., 5-7.

Defendants argue some of Red Rock's venue discovery documents have not resided on the Texas HPC server for "several years." Reply, 34 n.15. This is misdirection. At least 26,413 pages from the prior lawsuits were produced from HPC's server and have been stored there for years. Supp. Harris ¶4. These are real sources of proof, not a "proxy for choice of counsel." Red Rock has cited multiple cases where sources of proof like these were given weight. Opp., 4 n.2.

## VI.    **The Local Interest Factor Disfavors Transfer**

Defendants' cited cases are inapposite, because Red Rock is not relying on Defendants' "general presence" in Texas. Reply, 35. Rather, Red Rock has proven the relevant design, development, and manufacturing are in WDTX, not NDCA. Apple concedes ████████████ ██████████████████████████████████████████████ And Apple deliberately avoided finding out what their Texas witnesses know and what they can access. Ex. 2, 47:4-48:16, 63:10-64:21, 87:2-88:17, 202:2-12, 209:18-210:5. ████████████████

████████████████████████████████████████ ████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**

DATED: March 31, 2022

*/s/ Alden G. Harris*

Leslie V. Payne (Texas Bar No. 00784736)
lpayne@hpcllp.com
Michael F. Heim (Texas Bar No. 09380923)
mheim@hpcllp.com
Alden G. Harris (Texas Bar No. 24083138)
aharris@hpcllp.com
HEIM, PAYNE & CHORUSH, L.L.P.
1111 Bagby, Suite 2100
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021

T. John Ward, Jr. (Texas Bar No. 00794818)
jw@wsfirm.com
Claire Abernathy Henry (Texas Bar No. 24053063)
claire@wsfirm.com
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone (903) 757-6400
Facsimile (903) 757-2323

S. Calvin Capshaw (Texas Bar No. 03783900)
ccapshaw@capshawlaw.com
Elizabeth L. DeRieux (TX Bar No. 05770585)
ederieux@capshawlaw.com
CAPSHAW DERIEUX LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770

**ATTORNEYS FOR RED ROCK ANALYTICS, LLC**

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Civil Rule CV-5 on March 31, 2022.

*/s/ Alden G. Harris*
Alden G. Harris
