**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

RED ROCK ANALYTICS, LLC,

Plaintiff,

v.

APPLE INC., QUALCOMM INC.,

Defendants.

Civil Action No. 6:21-cv-00346-ADA

**JURY TRIAL DEMANDED**

**PLAINTIFF'S MOTION TO DE-DESIGNATE REDACTED EXPERT DECLARATIONS**

Red Rock moves the Court for an order that the three attached redacted expert declarations are not confidential. Exs. 1, 2, 3. Defendants oppose the motion, but have refused to identify any confidential information allegedly present in any of the redacted declarations.

## I. BACKGROUND

The three expert declarations were originally filed under seal (in non-redacted form) as attachments to Red Rock's Response and Reply to Defendants' Motion to Transfer. *See* Dkt. 73-1; Dkt. 73-2; Dkt. 109-1. These declarations primarily cite ***public*** information—*e.g.*, discussions of relevant witnesses based on public LinkedIn profiles, patents, and published articles; analysis of time to trial statistics; discussion of technical standards; and travel cost calculations based on public flight and hotel information. *See, e.g.*, Ex. 1 at ¶¶ 48-92, 93-108; Ex. 2 at ¶¶ 14-18, 66-83, 99-137; Ex. 3 at ¶¶ 11-12. The sealed versions of the declarations also discussed confidential information, including technical information about the accused products, the business operations of Apple and Qualcomm, and the locations of Apple and Qualcomm databases. However, Red Rock has taken great care to redact ***all*** confidential information from the declarations, leaving only publicly available information.

Red Rock sent the redacted declarations to Defendants on January 20, 2022 (opening Murias and Weinstein declarations) and April 7, 2022 (supplemental Murias declaration) and asked them to approve the redactions. Defendants did not agree to the redactions and refused to elaborate further. Even though Red Rock has repeatedly asked Defendants to identify ***any*** specific confidential information they claim is present in the redacted declarations, Defendants have declined to do so, instead claiming confidential status over the entirety of the redacted declarations without justification or explanation.

During the parties' February 18, 2022 telephone conference, Defendants directed Red Rock

to follow the agreed procedures for challenging confidentiality in the parties' draft protective order:

> 34. A Party may request in writing to the other Party that the designation given to any Protected Material be modified or withdrawn. If the Producing Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. ***Upon any such application to the Court, the burden shall be on the Producing Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rule of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.*** In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the Producing Party shall be maintained.

*See* Ex. 4 at 3 (reproducing agreed language of draft protective order at ¶34).[1] Red Rock followed this procedure, gave ten days' notice, and received confirmation of an impasse from Defendants on February 25 and April 18, 2022. Ex. 4 at 1; Ex. 5 at 1.

## II. LAW

"Once a document is filed on the public record it becomes a 'judicial record'." *Vantage Health Plan v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019). When determining whether to seal judicial records, there is a "presumption in favor of the public's common law right of access to court records." *See Vantage*, 913 F.3d at 450. "In the context of publicly available documents, those already belong to the people, and a judge cannot seal public documents … How perverse it would be to say that what was once public must become private—simply because it was placed in the courts that belong to the public. We will abide no such absurdity." *June Med. Servs., L.L.C. v. Phillips*, 2022 U.S. App. LEXIS 549 at *14 (5th Cir. Jan. 7, 2022). This presumption of public access is "vital" in "giving the public 'confidence in the administration of justice'." *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021). The Fifth

[1] All emphasis added unless otherwise stated.

Circuit has noticed a troubling trend of "sealing documents in run-of-the-mill cases where the parties simply prefer to keep things under wraps." *Id.* With this in mind, a court must balance the presumption in favor of public access against the interests favoring nondisclosure on a "case-by-case basis." *See Vantage Health Plan*, 913 F.3d at 450.

Under both 5th Circuit law and the agreed protective order operative here, it is Defendants' burden to show the redacted declarations should be sealed. Ex. 4 at 3; *Vantage*, 913 F.3d at 451 ("the bald assertion of competitive harm is insufficient," rather, a party seeking to keep documents sealed must "articulate a specific harm that would be caused by the disclosure of the documents"). Additionally, the Court itself has a "solemn duty" to ensure public access to judicial records. *See June Med.*, 2022 U.S. App. LEXIS 549 at *16-17 ("It is the solemn duty of the judge to scrupulously examine each document sought to be sealed. … It is not easy, but it is fundamental.").

## III. ARGUMENT

Like Humana in *Vantage*, Defendants have been given "an ample, but squandered, opportunity" to identify ***any*** confidential information in any of the redacted declarations, but they "did not engage in this discussion." *See Vantage*, 913 F.3d at 451-52. Defendants have also declined to "articulate a specific harm that would be caused by the disclosure of the documents." *Vantage*, 913 F.3d at 451. The reason for Defendants' behavior is obvious: even though there is no confidential information left in the redacted declarations, Defendants do not want the redacted declarations made public because they contain public information that future parties may use in opposing future motions to transfer, such as time-to-trial data, travel cost data, and public information about knowledgeable Apple and Qualcomm employees in Texas. Defendants, hoping to win future transfer motions, "simply prefer to keep things under wraps," but this is not a legally acceptable reason to seal documents. *Binh Hoa Le*, 990 F.3d at 417.

Defendants seem to have two arguments why the redacted declarations should remain sealed. *First*, Defendants argue the Court's Standing Order[2] does not permit parties to file redacted versions of exhibits or attachments. Ex. 4 at 1. The Standing Order does not say that the parties ***may not*** file reacted versions of exhibits, it actually says: "parties ***need not*** file redacted versions of exhibits." The Order also recognizes the public interest in accessing judicial records, cautioning that "[e]xhibits that are nonconfidential in their entirety should not be filed under seal at all." *Id.* The redacted declarations are non-confidential in their entirety. This, taken with the Fifth Circuit precedent cited above regarding the "presumption in favor of the public's common law right of access to court records," counsels that the redacted version of the declarations containing only publicly available information should be filed publicly. *See Vantage*, 913 F.3d at 450.

*Second*, Qualcomm claims the redacted supplemental Murias declaration "characterizes confidential information, including information provided in this case and information provided by Qualcomm and/or other parties in a different case that is protected under order from another court." Ex. 5 at 1.[3] It is difficult for Red Rock to respond to this argument because Qualcomm has declined to give any examples of what they're talking about. The undersigned counsel personally prepared the redactions to these declarations and was careful to remove ***all*** confidential information, including any references to or "characterizations" of such information. If Defendants disagree, they should identify the words, lines, or paragraphs they believe need to be redacted, as Red Rock has repeatedly requested. Red Rock believes its redactions are thorough and complete, but Red Rock remains willing to consider any additional reasonable redactions Defendants propose.

---

[2] Amended Standing Order Regarding Filing Documents Under Seal and Redacted Public Versions.

[3] It is unclear whether Apple joins Qualcomm in this argument, and it is also unclear whether Qualcomm believes this argument applies to all the redacted declarations or only to the redacted supplemental Murias declaration.

## IV. CONCLUSION

Red Rock respectfully moves the Court for an order that the redacted expert declarations (Ex. 1, 2, and 3) are not confidential and may be filed publicly.

Dated: April 25, 2022

Respectfully submitted:

*/s/ Alden G. Harris*
Leslie V. Payne (Texas Bar No. 00784736)
lpayne@hpcllp.com
Michael F. Heim (Texas Bar No. 09380923)
mheim@hpcllp.com
Alden G. Harris (Texas Bar No. 24083138)
aharris@hpcllp.com
HEIM, PAYNE & CHORUSH, L.L.P.
1111 Bagby, Suite 2100
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021

T. John Ward, Jr. (Texas Bar No. 00794818)
jw@wsfirm.com
Claire Abernathy Henry (Texas Bar No. 24053063)
claire@wsfirm.com
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone (903) 757-6400
Facsimile (903) 757-2323

S. Calvin Capshaw (Texas Bar No. 03783900)
ccapshaw@capshawlaw.com
Elizabeth L. DeRieux (TX Bar No. 05770585)
ederieux@capshawlaw.com
CAPSHAW DERIEUX LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system on April 25, 2022.

*/s/ Alden G. Harris*
Alden G. Harris

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel of record met and conferred regarding this motion via telephone on February 18, 2022, and on multiple occasions via email as discussed herein.

*/s/ Alden G. Harris*
Alden G. Harris