IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| RED ROCK ANALYTICS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE INC., QUALCOMM INC.,<br><br>    Defendants. | Case No. 6:21-cv-00346-ADA<br><br>**JURY TRIAL DEMANDED**<br>**FILED UNDER SEAL** |

**DEFENDANTS QUALCOMM INCORPORATED AND APPLE INC.'S
SUR-SUR-REPLY IN SUPPORT OF THEIR MOTION TO
<u>TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA</u>**

## TABLE OF CONTENTS

A.   RRA's New Theories Disregard Defendants' Declarations and Testimony ...................... 1

     RRA's new DSP hardware arguments ................................................................................... 1

     RRA's new Samsung arguments ........................................................................................... 2

     Defendants' employees ......................................................................................................... 2

     Other Issues .......................................................................................................................... 5

B.   RRA Cannot Game Transfer Through Its Stipulations ......................................................... 5

## TABLE OF EXHIBITS

| Exhibit | Description |
|---|---|
| 1 | 2021 Florida Limited Liability Company Annual Report filed with the Florida Secretary of State by Plaintiff Red Rock Analytics, LLC on March 30, 2021 |
| 2 | Red Rock Analytics LLC's Initial Disclosures in Red Rock Analytics, LLC v. Apple Inc., No. 2:19-cv-117-JRG (E.D. Tex. 2019), filed as Exhibit 27 to Defendant Apple Inc's Motion to Transfer Venue Under 28 U.S.C. § 1404(a) (D.I. 54-41) in No. 2:19-cv-117-JRG |
| 3 | LinkedIn profiles for Mr. Rishi Mohindra and Mr. Tong Zhang |
| 4 | Available flights departing on October 1, 2021 from San Diego (SAN) to San Jose (SJC) and returning to San Diego (SAN) on the same day |
| 5 | Driving directions between the San Jose Airport (SJC) and the United States District Court in San Jose, California; driving directions between the Austin Airport (AUS) and the United States District Court in Waco, Texas; and driving directions between the Dallas-Fort Worth Airport (DFW) and the United States District Court in Waco, Texas |
| 6 | Available flights departing on October 1, 2021 from San Diego, California (SAN) to Austin, Texas (AUS) and returning to San Diego (SAN) on the same day |
| 7 | Available flights departing on October 1, 2021 from San Diego, California (SAN) to Dallas, Texas (DFW or DAL) and returning to San Diego (SAN) on the same day |
| 8 | Available flights departing on October 1, 2021 from San Jose, California (SJC) to Austin, Texas (AUS) and returning to San Jose (SJC) on the same day |
| 9 | Available flights departing on October 1, 2021 from San Jose, California (SJC) to Dallas, Texas (DFW or DAL) and returning to San Jose (SJC) on the same day |
| 10 | Excerpts of the file history for U.S. Patent No. 7,346,313 |
| 11 | Time to milestone statistics for WDTX and NDCA, generated by Docket Navigator™ for cases filed on or after January 1, 2016, accessed on August 20, 2021 |
| 12 | Excerpts of U.S. Patent Nos. 6,744,829, 7,035,341, 6,625,424, and 6,717,981 |
| 13 | List of Qualcomm Accused Products named in an exhibit to Plaintiff's First Amended Complaint |

| Exhibit | Description |
|---|---|
| A | Feb. 17, 2022 Deposition Transcript of Roy Weinstein |
| B | Nov. 22, 2021 Discovery Hearing Transcript |
| C | Sept. 14, 2018 Expert Report of R. Weinstein |
| D | Red Rock's July 1, 2021 Infringement Contentions |
| E | Feb. 10, 2022 Deposition Transcript of Ron Murias |
| F | Sept. 14, 2018 Expert Report of Christopher Jones |
| G | Exhibit 23 to the Dec. 15, 2021 Deposition of Anthony Simon (Qualcomm's Responses to Depo. Questions 1 – 14)) |
| H | QCRRAMTT346_0000023 |
| I | Oct. 13, 2020 Announcement of Apple iPhone 12 |
| J | Sealed Order, *Red Rock Analytics, LLC v. Samsung Elecs. Co. Ltd.*, No:2:17-cv-00101-RSP, Dkt. 282 (E.D. Tex. Apr. 17, 2019) |
| K | Feb. 25, 2022 Declaration of Mary Anna Baldino |
| L | Mar. 3, 2022 Confidential Declaration of Paul Fontaine |
| M | Feb. 24, 2022 Confidential Declaration of John Marcincavage |
| N | Feb. 23, 2022 Declaration of Anuj Dharia |
| O | Feb. 24, 2022 Declaration of Jason Durnin |
| P | Mar. 2, 2022 Declaration of Scott Foster |
| Q | Feb. 23, 2022 Declaration of Howard Konetzke III |
| R | Feb. 24, 2022 Declaration of Glen Lochte |
| S | Feb. 24, 2022 Declaration of Amy Mahan |
| T | Mar. 3, 2022 Declaration of Marcelo Ponce |
| U | Mar. 1, 2022 Declaration of Nida Saiyed |

| Exhibit | Description |
|---|---|
| V | Feb. 25, 2022 Declaration of Paul Salas |
| W | Feb. 25, 2022 Declaration of David Standefer |
| X | Mar. 2, 2022 Declaration of Jason Wakefield |
| Y | Dec. 8, 2021 email from R. Rundio RE: Discovery dispute in Red Rock v. Apple/Qualcomm (Case No. 6:21-CV-00346) |
| Z | Intentionally Omitted |
| AA | March 4, 2022 Declaration Of Ryan Lee In Support Of Defendant Qualcomm Incorporated's Reply Brief In Support Motion To Transfer Venue To The Northern District Of California |
| BB | March 3, 2022 Declaration Of Timothy Short In Support Of Reply Brief In Support Of Defendants' Motion To Transfer Venue To The Northern District Of California |
| CC | Google Flights results for flights from Fort Lauderdale, Florida to San Francisco, California on Monday, May 2, 2022, accessed on March 4, 2022 |
| DD | Google Flights results for flights from Fort Lauderdale, Florida to Waco, Texas on Monday, May 2, 2022, accessed on March 4, 2022 |
| EE | Google Maps driving time results from Austin-Bergstrom International Airport to Waco, Texas, accessed on March 4, 2022 |
| FF | Google Maps driving time results from Dallas/Fort Worth International Airport to Waco, Texas, accessed on March 4, 2022 |
| GG | Google Flights results for flights from San Diego, California to Houston, Texas on Monday, May 2, 2022, accessed on March 4, 2022 |
| HH | Google Maps driving time results from Houston, Texas to Waco, Texas, accessed on March 4, 2022 |
| II | Google Flights results for flights from San Diego, California to San Francisco, California on Monday, May 2, 2022, accessed on March 4, 2022 |
| JJ | LinkedIn Profile of Tom Leach |
| KK | Email correspondence between Mr. Nick Schuneman to Mr. Alden Harris from September 29, 2021 and through November 9, 2021 |
| LL | Excerpts of Qualcomm Hexagon v66 Programmer's Reference Manual, dated November 17, 2017 |

This brief focuses on the most salient defects in RRA's sur-reply and Murias's latest *ipse dixit* declaration, both of which ignore the record and resort to pure fabrication.

A.    **RRA's New Theories Disregard Defendants' Declarations and Testimony**

Shifting to new theories on sur-reply,[1] RRA tacitly admits that it has not rebutted Defendants' showing that this case should be transferred to NDCA.

**RRA's new DSP hardware arguments:** RRA has not rebutted Qualcomm's sworn declarations that, to the extent hardware is implicated in this case, that hardware is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See also* Dkt. 101 at 11 n.4. RRA resorts to claiming (incorrectly) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Dkt. 109 at 8-9; Dkt. 109-1 ¶ 23. But the Qualcomm Hexagon v66 Programmer's Reference Manual ("PRM"), *provided months ago* in response to RRA's request for additional information about the DSP code, confirms the "specialized math functions" are *generic* instructions (known as "intrinsics") that run on a *general-purpose* DSP. Ex. KK; Ex. LL at 1, 17, 26, 387, 462, 466-68. Murias's statement that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is baseless, incorrect, and demonstrates the broad unreliability of Murias's speculative opinions. Dkt. 109 at 9; Dkt. 109-1 ¶ 23. Moreover, the inventor admitted ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, just like the numerous claimed hardware elements found to be "tangential" in *DataQuill*. Similarly, Murias's guess ▮▮▮▮▮▮▮▮▮▮

---

[1] Murias' Suppl. Decl. should be excluded for the same reasons as his Initial Declaration. Dkt. 101 at Sec. I (e.g., Murias has no requisite experience or knowledge regarding Qualcomm, Apple, or SAS (▮▮▮▮▮▮), and his opinions rely on false assumptions rebutted by Defendants' declarations). Murias's new opinions also improperly introduce new evidence on sur-reply.

1

███████████████████████████████████████████████████████

████████████████████████████████ contradicts ██████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

**RRA's new Samsung arguments:** RRA's new theory that Samsung "collects . . . EVM test data" about Qualcomm wafers (Dkt. 109-1 ¶¶ 5-13; *see also* Dkt. 109 at 12) contradicts Murias's prior speculation ███████████████████████ (Dkt. 73-1 (Murias Decl.) ¶¶ 98, 115, 118; *see also* Dkt. 109-12 (Murias Dep.) at 94:25-95:24) and is directly rebutted by the evidence ████████████████████████████████████

███████████████████. Other than prior RRA expert *ipse dixit* declarations (Dkt. 109-1 ¶¶ 7-9), Murias cites only to unconnected, irrelevant public documents, none of which mention

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

Dkt. 109 at 11; Dkt. 109-1 ¶ 10. But Murias provides no basis for assuming █████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

**Defendants' employees:** Defendants do not contend that an employee must be "knowledgeable about every conceivable topic" to be a likely witness. Dkt. 109 at 5. Defendants

2

agree a potential witness's knowledge must be "relevant *and material*." *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009) (emphasis added). But RRA takes that standard too far in the other direction. For example, not every Defendant employee who has some knowledge regarding iPhone and iPad sales is relevant. It makes no sense for Apple or RRA to call someone like ▮ ▮ ▮ The standard cannot be that anyone who knows about an iPhone sale or is familiar with I-Q calibration from their academic studies is a potential witness in this case. Red Rock is unable to demonstrate more than tangential knowledge from any of the employees it identifies, and its arguments are not grounded in the evidence.

RRA's contention that it is unrebutted that ▮ understand I-Q calibration is wrong. Dkt. 109 at 10. ▮ Sworn declarations confirm that neither has relevant knowledge. Dkt. 101 at 16; Dkt. 74-13 ¶¶ 4-13, Ex. A; Dkt. 74-14 ¶¶ 8-9, 8.e.iv. RRA wrongly argues that Qualcomm offers no rebuttal for ▮. Dkt. 109 at 8. But Qualcomm demonstrated that neither has relevant knowledge. Dkt. 101 at 12; Dkt. 74-13 ¶¶ 6-12, 19, Ex. A. ▮ RRA's assertion that Qualcomm does not show "the relevance and materiality" of California witnesses ignores the identification of specific individuals and their relevance. Dkt. 45 at 2-4, 11-12; Dkt. 109 at 5-6. RRA likewise asserts that Apple's California witnesses are irrelevant because Apple ▮, but Apple

3

identified the relevant individuals ▮▮▮▮▮

▮▮▮▮▮

Similarly for Apple, RRA asserts that Mr. Rollins "*did not investigate*" ▮▮▮

▮▮▮▮▮ but Mr. Rollins did not need to ▮▮▮

▮▮▮▮▮—nor should such an investigation be

required—▮▮▮▮▮

▮▮▮▮▮ Contrary to RRA's argument that "Defendants

have presented no evidence that ▮▮▮▮▮

▮▮▮▮▮

▮▮▮▮▮

▮▮▮▮▮

▮▮▮▮▮ And while RRA asserts, "▮▮▮

▮▮▮ in Austin are relevant" (Dkt. 109 at 6), the employees ▮▮▮

▮▮▮ will not be witnesses. Apple submitted unrebutted fact declarations

showing that the individuals identified by Weinstein have ▮▮▮▮▮

▮▮▮▮▮ Weinstein

speculated that ▮▮▮ ▮▮▮

▮▮▮▮▮

▮▮▮ Apple looked for the witnesses who can provide a useful scope of marketing,

licensing, and financial information in this case; they are in California.  Dkt. 45-17 ¶¶ 11-15.

RRA's argument that Murias's testimony that ▮▮▮▮▮

▮▮▮▮▮ identifies an infringing

4

use (Dkt. 109 at 7-8) ignores that RRA has not accused ▮▮▮▮▮▮▮▮▮▮ in its complaint or identified any alleged act of infringement ▮▮▮▮▮▮▮▮▮▮ Murias's speculation should be disregarded. None of the Texas employees RRA identifies work on I-Q calibration. Dkt. 101-16 (Fontaine Dec. ¶ 3). Contrary to RRA's assertion that ▮▮▮▮▮▮▮▮▮▮ employees have "knowledge relevant to infringement and the value of the patented features" (Dkt. 109 at 8), none works on the accused products, or on I-Q calibration. Dkt. 101 at 19-20.

**Other Issues:** RRA wrongly claims it is undisputed that WDTX is faster than NDCA (Dkt. 109 at 4), but Defendants *did* dispute this. Dkt. 45 at 13; Dkt. 101 at 36. Contrary to RRA's "opportunity costs" characterizations, the "costs" included in Weinstein's declaration (Dkt. 73-2) are tied to the amount in controversy between the parties. He nowhere explains what "opportunity" the public is missing out on, and there is none. And despite RRA's attempts to spin *Monterey* (Dkt. 109 at 1), Defendants properly investigated where relevant activities occur. *E.g.*, Dkt. 45 at 2–4, 11–12. It was RRA that violated *Monterey* by limiting its investigation to Texas. Dkt. 109-12 at 83:5–13 ("I was asked to look at Texas and that's what I did."); Dkt. 109-17 at 53:2–53:15.

      **B.**      **RRA Cannot Game Transfer Through Its Stipulations**

RRA's claimed need for witnesses is mere pretext—its experts in *Samsung* cited only *one* Qualcomm employee (a California-based 30(b)(6) rep), Murias needed no witnesses to opine on infringement there (Dkt. 109-12 at 38:18–39:10), and after reviewing information on hundreds of Texas employees, RRA commits to calling only Dr. Ba—a *single* irrelevant defendant witness—for his alleged "admissions about the value of the claimed I-Q calibration." Dkt. 109 at 7. But RRA does not point to such admission from Dr. Ba's deposition, and there is none. *See* Dkt. 73-07 at 20:5-12. That Dr. Ba worked, over a decade ago, on a project for Texas Instruments that had implications for I-Q calibration in 3G does not make him relevant to *this* case, and those who work with Qualcomm chips in the accused 5G Apple products are in California. Dkt. 45-17 ¶¶ 7-10.

| | |
|---|---|
| Dated: April 14, 2022 | Respectfully submitted, |
| *s/ Mark D. Selwyn* | By: *Nick Schuneman* |
| J. Stephen Ravel<br>Texas State Bar No. 16584975<br>Kelly Ransom<br>Texas State Bar No. 24109427<br>**KELLY HART & HALLMAN LLP**<br>303 Colorado, Suite 2000<br>Austin, Texas 78701<br>Tel: (512) 495-6429<br>Email: steve.ravel@kellyhart.com<br>Email: kelly.ransom@kellyhart.com<br><br>OF COUNSEL:<br>Mark D. Selwyn (*Pro Hac Vice*)<br>Joseph F. Haag (*Pro Hac Vice*)<br>Anh-Khoa Tran (*Pro Hac Vice*)<br>Henry M. Nikogosyan (*Pro Hac Vice*)<br>**WILMER CUTLER PICKERING HALE**<br>  **and DORR LLP**<br>2600 El Camino Real<br>Suite 400<br>Palo Alto, California 94306<br>Tel: (650) 858-6000<br>Email: mark.selwyn@wilmerhale.com<br>Email: joseph.haag@wilmerhale.com<br>Email: khoa.tran@wilmerhale.com<br>Email: henry.nikogosyan@wilmerhale.com<br><br>Joseph J. Mueller (*Pro Hac Vice*)<br>Monica Grewal (*Pro Hac Vice*)<br>Annaleigh E. Curtis (*Pro Hac Vice*)<br>Madeleine C. Laupheimer (*Pro Hac Vice*)<br>**WILMER CUTLER PICKERING HALE**<br>  **and DORR LLP**<br>60 State Street<br>Boston, Massachusetts 02109<br>Tel: (617) 526-6000<br>Email: joseph.mueller@wilmerhale.com<br>Email: monica.grewal@wilmerhale.com<br>Email: annaleigh.curtis@wilmerhale.com<br>Email: madeleine.laupheimer@wilmerhale.com<br><br>***Attorneys for Apple Inc.*** | Douglas M. Kubehl<br>State Bar Number 00796909<br>doug.kubehl@bakerbotts.com<br>**BAKER BOTTS L.L.P.**<br>2001 Ross Avenue, Suite 900<br>Dallas, TX 75201<br>Telephone: (214) 953-6500<br>Facsimile: (214) 661-6503<br><br>Nick Schuneman<br>Aashish G. Kapadia<br>**BAKER BOTTS L.L.P.**<br>98 San Jacinto Blvd., Suite 1500<br>Austin, TX 78701<br>Tel: (512) 322-2500<br>nick.schuneman@bakerbotts.com<br>aashish.kapadia@bakerbotts.com<br><br>Sarah Guske (Pro Hac Vice)<br>**BAKER BOTTS L.L.P.**<br>101 California Street, Suite 3600<br>San Francisco, CA 94111<br>Tel: (415) 291-6200<br>sarah.guske@bakerbotts.com<br><br>Nick Baniel (Pro Hac Vice)<br>**BAKER BOTTS L.L.P.**<br>1001 Page Mill Road<br>Building One, Suite 200<br>Palo Alto, CA 94304-1007<br>Tel: (650) 739-7585<br>nick.baniel@bakerbotts.com<br><br>***Counsel for Defendant Qualcomm Incorporated*** |

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 14, 2022, all counsel of record were served via the Court's CM/ECF filing system.

                                        */s/ Nick Schuneman*
                                        Nick Schuneman