IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| RED ROCK ANALYTICS LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>APPLE INC., QUALCOMM INC.,<br><br>　　　　Defendants. | Case No. 6:21-cv-00346-ADA<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS QUALCOMM INCORPORATED AND APPLE INC.'S
OPPOSITION TO PLAINTIFF'S MOTION TO DE-DESIGNATE SEALED EXHIBITS**

## TABLE OF CONTENTS

I.   BACKGROUND ................................................................................................................. 1
II.  APPLICABLE LAW .......................................................................................................... 2
III. ARGUMENT ..................................................................................................................... 3
   A. Under the Standing Order, the Parties' *Need Not* Redact RRA's Expert Declarations ...... 3
   B. RRA Seeks to Significantly Burden Defendants ................................................................. 4
   C. Unsealing the Declarations Risks Concrete Harms to Defendants and Third Parties ........ 5
IV.  CONCLUSION .................................................................................................................. 6

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*In re Apple Inc.*,
    979 F.3d 1332 (Fed. Cir. Nov. 9, 2020)......................................................................................1

*In re Apple Inc.*,
    No. 21-181, 2021 WL 5291804 (Fed. Cir. Nov. 15, 2021) .......................................................1

*In re Apple Inc.*,
    No. 22-128, 2022 WL 1196768 (Fed. Cir. Apr. 22, 2022) .......................................................1

*Nixon v. Warner Commc'ns, Inc.*,
    435 U.S. 589 (1978)................................................................................................................4, 5

*SEC v. Van Waeyenberghe*,
    990 F.2d 845 (5th Cir. 1993) ....................................................................................................3

*Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*,
    913 F.3d 443 (5th Cir. 2019) ....................................................................................................3

Disregarding the Court's rules, Red Rock Analytics, LLC ("RRA") seeks to unseal hundreds of pages of exhibits containing Qualcomm's, Apple's, and third parties' confidential technical, financial, and other information (Dkt. 118). Rather than engage in RRA's burdensome make-work tasks, Qualcomm and Apple have repeatedly pointed RRA to this Court's Standing Order, which plainly directs that parties need not file redacted versions of exhibits containing confidential information. Unhappy with this Court's practice, RRA now asks the Court to change its own procedures to suit RRA. But this Court's Standing Order controls and properly balances the interests of the public and the parties. This Court should deny RRA's Motion.

## I.  BACKGROUND

Over the course of the last eight months, the parties filed five briefs and hundreds of exhibits addressing Defendants' Motion to Transfer, including the three "expert" declarations at issue in RRA's Motion. *See* Dkt. 45, 73, 101, 109, 112. In its briefs and declarations, Red Rock has advanced venue theories that the Federal Circuit has repeatedly rejected, as recently as April 22, 2022, in *In re Apple Inc.*, No. 22-128, 2022 WL 1196768 (Fed. Cir. Apr. 22, 2022). *See also, e.g.*, *In re Apple Inc.*, No. 21-181, 2021 WL 5291804 (Fed. Cir. Nov. 15, 2021); *In re Apple Inc.*, 979 F.3d 1332 (Fed. Cir. Nov. 9, 2020).

All five briefs have been publicly redacted, and the parties have agreed to unseal a majority of the exhibits. *See* Dkt. 45, 96, 107, 116, 121. Despite public access to an overwhelming majority of the record, RRA insists on filing redacted versions of three declarations totaling over 200 pages. These declarations pervasively cite, rely on, characterize, and form opinions using confidential information spanning hundreds of pages.

To date, documents in this dispute have been redacted or unsealed according to the Court's March 7, 2022 Amended Standing Order Regarding Filing Documents Under Seal ("Standing

1

Order").¹ The Standing Order notes the importance of public access to information, but balances access with the "routinely" confidential nature of patent litigation. Standing Order at 1. The Standing Order articulates this balance by distinguishing three classes of documents: (1) motions and pleadings, which shall be redacted and publicly filed; (2) confidential exhibits to such documents, which "the parties need not file redacted versions of"; and (3) exhibits that are nonconfidential in their entirety, which "should not be filed under seal at all." *Id.* RRA's declarations were not filed as—and do not meet the requirements of—a motion or pleading, nor are they non-confidential in their entirety. Dkt. 118 at 1. Accordingly, they fall into the second category of documents, and no redacted version is needed under the Standing Order.

Dissatisfied with this Court's procedures, which have been followed in hundreds of cases to date, RRA continues its make-work campaign by demanding that Qualcomm and Apple review hundreds of pages of declarations for redactions that go above and beyond the Court's requirements. There is no reason to create an exception to the Court's procedures just for RRA and just for this case.

## II.   APPLICABLE LAW

The Court has set forth its procedures for redactions in its Standing Order:

> This Order applies to all patent cases pending before the undersigned. As a public forum, the Court has a policy of providing to the public full access to documents filed with the Court. Because parties in patent cases routinely file confidential information, this Order grants leave for any party to file materials containing confidential information under seal. Parties need not file a separate motion for leave.
>
> The filing party shall file a publicly available, redacted version of any motion or pleading filed under seal within seven days. The parties need not file redacted versions of exhibits to such documents. Exhibits that are nonconfidential in their entirety should not be filed under seal at all. The parties shall coordinate to make sure that the publicly available version

---

¹ Prior to March 7, 2022, the parties adhered to substantially similar prior versions of the Standing Order.

>   redacts information that any party deems confidential. Redactions should be targeted to redact only that information. The publicly available version shall be labeled "PUBLIC VERSION." Cooperating to file the publicly available version shall not be deemed as agreeing that the redacted information is confidential.

Standing Order at 1.

The Court's Standing Order is consistent with Fifth Circuit precedent for sealing confidential information. "In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). The Fifth Circuit "has repeatedly refused to so characterize the public access presumption as 'strong' or require a strong showing of proof." *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019) (citations omitted). "Rather, in this circuit the decision to seal or unseal records is to be analyzed on a case-by-case basis, and the individualized decision is best left to the sound *discretion* of the district court." *Id.* (citations omitted) (emphasis added).

### III.  ARGUMENT

#### A.  Under the Standing Order, the Parties *Need Not* Redact RRA's Expert Declarations

There is no dispute that RRA's unredacted declarations fall under the Standing Order's second category of documents and need not be redacted. Dkt. 118 at 1. The Court's Order contemplates that some exhibits may contain confidential information alongside other information and allows those exhibits to remain sealed in their entirety. Unable to justify its demand for redacted declarations as a "motion" or "pleading" or in view of the clear instruction that parties need not file redacted versions of exhibits containing confidential information, RRA seeks to create an exception that would undermine the Court's order regarding exhibits that contain confidential information. In effect, RRA asks the Court to permit one side to force the other to file

3

newly-created redacted versions of confidential exhibits where the Court's Standing Order expressly states that doing so is not required. Dkt. 118 at 3. Such a process would subsume the second category of documents contemplated by the Standing Order. While RRA attempts to make something of the Standing Order's use of "need not," RRA offers no support that one party can unilaterally force other parties to accept or create redacted exhibits.

RRA also cites no support for disregarding the Court's Standing Order. The Court's Standing Order provides appropriate oversight by properly balancing the interests of both (1) public stakeholders via redacted briefs and unsealed exhibits for exhibits containing no confidential information and (2) private stakeholders via allowing exhibits containing confidential information to be sealed in their entirety given the uniquely sensitive nature of the information at issue in patent litigations. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (describing importance of sealing confidential business information). Accordingly, the declarations should remain sealed in their entirety under the Standing Order, and RRA's Motion that seeks to rewrite or disregard the Standing Order should be denied.

### B.   RRA Seeks to Significantly Burden Qualcomm and Apple

RRA's demand creates significant burden on Qualcomm and Apple with little benefit. Considering redactions to the three declarations at issue is a non-trivial task. The declarations are lengthy—an issue the Court previously considered in connection with briefing page limits disputes. Jan. 27, 2022 Hearing Tr. at 24—27. Between the three declarations, there are over 200 pages of material. Additionally, there is no dispute that each contains confidential information. As RRA's own proposed redactions demonstrate, the confidential information is commingled with what RRA apparently contends is not confidential. The burden is compounded by the fact that the declarations were wholly created by RRA (as opposed to documents drafted and/or produced by Qualcomm and Apple), making it very difficult for Qualcomm and Apple to assess the extent to

which the experts' speculations are based on confidential information. RRA's demand requires both Defendants to review hundreds of pages that admittedly contain or characterize confidential information (including each other's and third parties' confidential information), the associated source material (representing hundreds of pages more), and then negotiate joint redactions.

Qualcomm and Apple are not trying to keep public information "under wraps" as RRA baselessly claims. Instead, Qualcomm and Apple have cooperated to prepare redacted briefs and to allow dozens of exhibits not containing confidential information to be publicly filed.[2]

### C. Unsealing the Declarations Risks Concrete Harms to Qualcomm and Apple and Third Parties

Qualcomm and Apple have adequately justified keeping the declarations sealed in their entirety by relying on the Court's Standing Order in conjunction with the undisputed fact that all three contain confidential information. RRA's demand that Qualcomm and Apple must further identify confidential information on a "words, lines, or paragraphs" basis to defend against the Motion circumvents the Court's Standing Order. The experts' declarations are rife with confidential information, and RRA's unilateral redactions leave much of it wholly unredacted. *E.g.*, Dkt. 119 ¶¶ 56–82; Dkt. 119-1 ¶¶ 49–136 (characterizing roles and responsibilities within Qualcomm). The characterizations (and any underlying confidential information they rely on) present an obvious risk of "harm[ing] a litigant's competitive standing." *See Nixon*, 435 U.S. at 598. RRA further fails to redact numerous paragraphs that purport to characterize confidential details about the business relationship between Qualcomm and Samsung. *E.g.*, Dkt. 119-1 ¶¶ 42–43.

---

[2] Information that RRA claims needs to be made public is already in the public record, mooting RRA's rationale for putting confidential information in the declarations at risk by disregarding the Standing Order. *E.g.*, Dkt. 116 at 4; Dkt. 96 at 1, 14 (RRA's alleged time to trial statistics); Dkt. 96 at 1, 8, 9 (RRA's alleged travel costs data); Dkt. 96 at 1, 8, 13, *and* Dkt. 74-16–Dkt. 74-42 (publicly available information about Qualcomm and Apple's employees).

By way of further example—and particularly troubling—RRA seeks to unseal information without consulting third parties whose information is impacted by its Motion. For example, RRA offers incomplete redactions to discussions of an expert report in another case involving several companies that are not parties to this case. *See, e.g.*, Dkt. 119 ¶ 102; Dkt. 119-1 ¶¶ 9, 14–18; Dkt. 119-2 ¶ 8. The expert report was marked under the protective order in that case. *See* Dkt 109-3. Red Rock similarly has not sought relief from the court that entered the protective order in that case—the Eastern District of Texas. *See, e.g., id.*

Thus, RRA's proposed redactions leave unredacted portions of the declarations that unquestionably constitute confidential information, and the declarations would require further redaction to prevent public disclosure of confidential information. Consistent with the Court's Standing Order, the declarations should remain sealed in their entirety without subjecting Qualcomm and Apple to the burdensome process of parsing through hundreds of pages of declarations. Further, RRA's claims that *it* has "taken great care to redact all confidential information from the declarations, *leaving only publicly available information*" (Dkt. 118 at 4 (emphasis added)) also begs the question of whether RRA's redactions are proper and sufficient. Qualcomm and Apple would still have to do an entire analysis of RRA's redactions to determine what was not redacted but should have been. And, even if the parties were able to come to versions that contain only public information, the public would already have that information by virtue of its public nature.

## IV.     CONCLUSION

Qualcomm and Apple respectfully request that the Court deny RRA's motion and keep the declarations (Dkt. 73-1, 73-2, 109-1) and unilaterally redacted declarations (Dkt. 119-1, 119-2, 119-3) sealed in their entirety pursuant to the Standing Order.

Dated: May 2, 2022	Respectfully submitted,

By: /s/ Sarah Guske

Douglas M. Kubehl
State Bar Number 00796909
doug.kubehl@bakerbotts.com
**BAKER BOTTS L.L.P.**
2001 Ross Avenue, Suite 900
Dallas, TX 75201
Telephone: (214) 953-6500
Facsimile: (214) 661-6503

Nick Schuneman
Aashish G. Kapadia
**BAKER BOTTS L.L.P.**
98 San Jacinto Blvd., Suite 1500
Austin, TX 78701
Tel: (512) 322-2500
nick.schuneman@bakerbotts.com
aashish.kapadia@bakerbotts.com

Sarah Guske (Pro Hac Vice)
**BAKER BOTTS L.L.P.**
101 California Street, Suite 3600
San Francisco, CA 94111
Tel: (415) 291-6200
sarah.guske@bakerbotts.com

Nick Baniel (Pro Hac Vice)
**BAKER BOTTS L.L.P.**
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Tel: (650) 739-7585
Nick.baniel@bakerbotts.com

*Counsel for Defendant Qualcomm Incorporated*

/s/ Mark D. Selwyn
J. Stephen Ravel
State Bar No. 16584975
steve.ravel@kellyhart.com
KELLY HART
303 Colorado Street, Suite 2000

7

Austin, TX 78701
Telephone: (512) 495-6429
Facsimile: (512) 495-6401

Joseph F. Haag (*pro hac vice*)
joseph.haag@wilmerhale.com
Mark D. Selwyn (pro hac vice)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DOOR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (617) 526-6000

**Counsel for Defendant Apple Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2022, all counsel of record were served via the Court's CM/ECF filing system.

*/s/ Sarah Guske*

8