**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| RED ROCK ANALYTICS, LLC,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>APPLE INC., QUALCOMM INC.,<br><br>　　　　　　　　　Defendants. | Civil Action No. 6:21-cv-00346-ADA<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION
TO DE-DESIGNATE REDACTED EXPERT DECLARATIONS**

Defendants' Response misses the point. This dispute is not about the Court's Standing Order, it is about whether the redacted declarations of Red Rock's experts (Exs. 1, 2, 3) contain any confidential information. They do not—they contain only public information. Defendants therefore have no basis to request they be kept under seal, because public information cannot be sealed. *June Med. Servs., L.L.C. v. Phillips*, No. 21-30001, 2022 U.S. App. LEXIS 549, at *14 (5th Cir. Jan. 7, 2022) ("**Publicly available information cannot be sealed**. In so holding, we align with the Supreme Court and our sister circuits.") (emphasis added).

Defendants claim it would be a "significant burden" for them to review the three redacted declarations. Response (Dkt. 122) at 4. This is a silly argument. Red Rock has already gone through the declarations and redacted any confidential information. All Defendants have to do is read the declarations and tell Red Rock if they think anything else needs to be redacted. Attorneys regularly read declarations as part of their job; it is not a burdensome task. Moreover, burden is not a factor considered when determining whether to keep documents sealed:

> To decide whether something should be sealed, the court must undertake a "document-by-document," "line-by-line" balancing of "the public's common law right of access against the interests favoring nondisclosure." … the working presumption is that judicial records should not be sealed. Courts should be ungenerous with their discretion to seal judicial records.

*June Med.*, 2022 U.S. App. LEXIS 549, at *15-16 (citations omitted).

Defendants' Response for the first time identifies certain paragraphs they allege "are rife with confidential information," but they decline to point to any specific examples of confidential information within these paragraphs. *First*, Defendants say the declarations "characteriz[e] roles and responsibilities within Qualcomm," citing Ex. 1 ¶¶ 56–82 and Ex. 2 ¶¶ 49–136. These paragraphs cite *only* public information (*e.g.* linkedin profiles, patents, publications). Any citations to confidential information and any opinions relating to such confidential information have been

redacted. *Second*, Defendants say Ex. 2 ¶¶ 42-43 "purport[s] to characterize confidential details about the business relationship between Qualcomm and Samsung." Here again, these paragraphs cite no confidential information; they reflect Mr. Murias' knowledge and expertise. *Third*, Defendants argue that various paragraphs include "discussions of an expert report in another case involving several companies that are not parties to this case," citing Ex. 1 ¶ 102; Ex. 2 ¶¶ 9, 14-18; Ex. 3 ¶ 8. These paragraphs do not cite or reflect confidential information. Instead, they cite a prior **public** *Daubert* order issued by Judge Payne in EDTX, which is available to all and was never sealed. *See, e.g.*, Ex. 2 ¶ 14 ("An order from the *Samsung* case describes the way in which the value of the invention can be analyzed and discusses the various metrics and evidence that bear on that value."). References to prior reports are made in the context of that public *Daubert* order.

The degree to which Defendants have refused to productively engage in this process is telling. Their Response still declines to identify even a single word, phrase, or sentence they contend should be redacted. This strange behavior is explained by the fact that Defendants' goal is not to protect confidential information, it is to prevent the release of **public** information they would prefer to keep under wraps. Defendants know that if they made a reasonable redaction request, Red Rock would willingly comply with that request. Indeed, Red Rock "remains willing to consider any additional reasonable redactions Defendants propose" as stated in the opening brief. Defendants have not taken Red Rock up on this offer. Red Rock therefore respectfully asks the Court to find that the redacted declarations are not confidential.

Dated: May 9, 2022

Respectfully submitted:

/s/ *Alden G. Harris*
Leslie V. Payne (Texas Bar No. 00784736)
lpayne@hpcllp.com
Michael F. Heim (Texas Bar No. 09380923)
mheim@hpcllp.com
Alden G. Harris (Texas Bar No. 24083138)
aharris@hpcllp.com
HEIM, PAYNE & CHORUSH, L.L.P.
1111 Bagby, Suite 2100
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021

T. John Ward, Jr. (Texas Bar No. 00794818)
jw@wsfirm.com
Claire Abernathy Henry (Texas Bar No. 24053063)
claire@wsfirm.com
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone (903) 757-6400
Facsimile (903) 757-2323

S. Calvin Capshaw (Texas Bar No. 03783900)
ccapshaw@capshawlaw.com
Elizabeth L. DeRieux (TX Bar No. 05770585)
ederieux@capshawlaw.com
CAPSHAW DERIEUX LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system on May 9, 2022.

*/s/ Alden G. Harris*
Alden G. Harris

4