# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| RED ROCK ANALYTICS, LLC,<br><br>       Plaintiff,<br><br>v.<br><br>APPLE INC., QUALCOMM, INC.,<br><br>       Defendants. | Civil Action No. 6:21-cv-00346-ADA<br><br>**JURY TRIAL DEMANDED**<br><br>**PUBLIC VERSION** |

## RED ROCK'S SUPPLEMENTAL BRIEF OPPOSING DEFENDANTS' MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a)

The Fifth Circuit recently issued an order overturning Federal Circuit law regarding venue transfer. *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625 (5th Cir. 2022). In light of these changes, the public and private interest factors weigh even more heavily against transfer.

**A. Sources of Proof – Electronic Documents Accessible in Both Venues are Entitled to Little Weight**

In *Planned Parenthood*, the Fifth Circuit affirmed the district court's finding that the "sources of proof" factor was neutral where "the vast majority of the evidence was electronic, and therefore equally accessible in either forum." *Planned Parenthood* at 5. The Fifth Circuit held "[t]he location of evidence bears much more strongly on the transfer analysis when, as in *Volkswagen*, the evidence is physical in nature." *Id.*

This holding reverses Federal Circuit precedent: "the Federal Circuit has held that it is an error to conclude this factor is neutral because electronic documents are easily accessible in both forums." *Flypsi, Inc. v. Google LLC*, No. W-22-CV-00031-ADA, 2022 U.S. Dist. LEXIS 215336, at *26 (W.D. Tex. Nov. 21, 2022) (citing *In re Apple, Inc.*, 2022 WL 1196768, at *4 (Fed. Cir. Apr. 22, 2022)). "To the extent that these two holdings can be reconciled, the Court concludes that the location of physical evidence is more important to this analysis than the location where electronic documents are typically accessed. But the Court still considers the location of document custodians of electronic documents in its analysis of this factor." *Flypsi*, at *26.

Defendants assert that all their relevant documents are stored electronically on "computers," "servers," and "databases." *See, e.g.*, Dkt. 101 at 32. ███████████████ Dkt. 73-6 at 162:18-163:8; 218:4-24. ███████████████ Dkt.73-5 at 124:10-125:8. Defendants did not identify any alleged physical evidence located in California. Red Rock demonstrated numerous relevant witnesses and teams in Texas create and maintain sources of

1



proof. Dkt. 73 at 4-7. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. 73 at 5. And third-party SAS possesses relevant physical

evidence ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Id.* at 7-8; Dkt. 109 at 11-14.

In light of *Planned Parenthood*, the sources of proof factor weighs strongly against transfer. Red Rock has shown that a large number of document custodians are located in WDTX (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮) and has shown that relevant physical evidence is located at SAS in WDTX. Conversely, Defendants have not identified any specific document custodians or physical evidence in NDCA. And to the extent the Court accepts Defendants' allegations that they have electronic documents in California, these documents are equally accessible in both venues and are therefore entitled to less weight than the locations of custodians and physical evidence.

### B. Compulsory Process – Witnesses Should Not be Presumed Unwilling

The Fifth Circuit also affirmed the district court's finding that the compulsory process factor "did not weigh in favor of transfer because the Petitioners failed to identify any witnesses who would be unwilling to testify" and held "the availability of compulsory process receives less weight when it has not been alleged or shown that any witness would be unwilling to testify." *Planned Parenthood* at 5. This holding directly contradicts Federal Circuit authority that held "when there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor." *In re Dish Network L.L.C.*, No. 2021-182, 2021 U.S. App. LEXIS 31759, at *7 (Fed. Cir. Oct. 21, 2021).

Defendants identified two witnesses under the compulsory process factor, alleged prior artists Mohindra and Zhang. *See* Dkt. 45 at 10. However, Defendants never presented any evidence

(or even alleged) that these witnesses would be unwilling to testify. Instead, they relied on the Federal Circuit's improper holding that these witnesses should be presumed unwilling. In light of *Planned Parenthood*, Mohindra and Zhang cannot be presumed unwilling in the absence of evidence and must be given little or no weight under the compulsory process factor.

### C. Court Congestion – District Court has Discretion to Weigh this Factor

The Fifth Circuit noted that the Federal Circuit has described the court congestion factor as "speculative," but declined to follow this approach, instead holding "to the extent docket efficiency can be reliably estimated, the district court is better placed to do so than this court. Moreover, this case appears to be timely proceeding to trial before the Amarillo Division. That fact further counsels against transfer." *Planned Parenthood* at 7. Defendants' Federal Circuit authority (*In re Juniper Networks, Inc.*, 14 F.4th 1313, 1322 (Fed. Cir. 2021)) that incorrectly states "there are no significant differences" in docket congestion between WDTX and the NDCA is no longer good law, because *Planned Parenthood* held that the discretion to evaluate docket efficiency is entrusted to the district court rather than the appellate court. *Planned Parenthood* also overturns the Federal Circuit's holding that a district court may not consider its own trial schedule and must instead rely exclusively on district-wide aggregate statistics. *See In re Google LLC*, No. 2021-171, 2021 U.S. App. LEXIS 30052, at *19 (Fed. Cir. Oct. 6, 2021) ("we have repeatedly held that it is improper to assess the court congestion factor based on the fact that the Western District of Texas [in Waco] has employed an aggressive scheduling order for setting a trial date").

Red Rock has shown that this Court will bring this case to trial at least seven months faster than NDCA, and the opportunity costs associated with this delay exceed ▮▮▮▮▮▮▮. Dkt. 73 at 14-15. Under *Planned Parenthood*, the court congestion evidence weighs strongly against transfer.

DATED: December 2, 2022

*/s/ Alden G. Harris*
Leslie V. Payne (Texas Bar No. 00784736)
lpayne@hpcllp.com
Michael F. Heim (Texas Bar No. 09380923)
mheim@hpcllp.com
Alden G. Harris (Texas Bar No. 24083138)
aharris@hpcllp.com
HEIM, PAYNE & CHORUSH, L.L.P.
1111 Bagby, Suite 2100
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021

T. John Ward, Jr. (Texas Bar No. 00794818)
jw@wsfirm.com
Claire Abernathy Henry (Texas Bar No. 24053063)
claire@wsfirm.com
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone (903) 757-6400
Facsimile (903) 757-2323

S. Calvin Capshaw (Texas Bar No. 03783900)
ccapshaw@capshawlaw.com
Elizabeth L. DeRieux (TX Bar No. 05770585)
ederieux@capshawlaw.com
CAPSHAW DERIEUX LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770

**ATTORNEYS FOR RED ROCK ANALYTICS, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Civil Rule CV-5 on December 2, 2022.

*/s/ Alden G. Harris*
Alden G. Harris
