# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| RED ROCK ANALYTICS LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>APPLE INC., QUALCOMM, INC.<br><br>　　　　Defendants. | Case No. 6:21-cv-00346-ADA<br><br>**JURY TRIAL DEMANDED**<br><br>███████████<br><br>**PUBLIC VERSION** |

### DEFENDANTS APPLE INC. AND QUALCOMM, INC.'S SEALED RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING

Apple Inc. and Qualcomm Inc. oppose Red Rock's motion for leave to file what would effectively be a sur-sur-sur-reply brief in opposition to Defendants' Motion to Transfer Venue (Dkt. 45). Following three months of transfer discovery, the parties collectively filed five briefs, totaling over 80 pages (over 250 pages including declarations). Red Rock now seeks yet another round of briefing, based on the Fifth Circuit's October 2022 decision in *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625 (5th Cir. 2022), which Red Rock mischaracterizes as "overturn[ing] existing Federal Circuit law." Dkt. 137 at 1-2.[1]

Red Rock's motion should be denied for two reasons. **First**, Red Rock's assertion that *Planned Parenthood* "changed the law" is wrong, and Red Rock fails to show good cause for what would be its third brief. **Second**, Red Rock's proposed motion impermissibly adds argument that could have been raised in its responsive brief or sur-reply brief.

I.   ARGUMENT

    A.   *Planned Parenthood* Does Not "Change The Law."

Red Rock incorrectly contends that *Planned Parenthood* "changed the law" on three of eight *Volkswagen* factors: (1) relative ease of access to sources of proof; (2) availability of compulsory process; and (3) court congestion.

        1.   *Planned Parenthood* Cannot Change the Law

As a threshold matter, *Planned Parenthood* does not constitute a change to the law and therefore Red Rock's alleged good cause fails for this reason alone. The Federal Circuit's application of the transfer factors in patent cases has not been overruled by *Planned Parenthood*.

---

[1] This Court has cited *Planned Parenthood* in multiple decisions since it issued. In none of those decisions did the Court suggest *Planned Parenthood* somehow overturned the Federal Circuit. *See, e.g.*, *Intell. Ventures I LLC v. Gen. Motors Co.*, No. 6:21-CV-01088-ADA, 2022 WL 16924468, at *10 (W.D. Tex. Nov. 1, 2022); *EcoFactor, Inc. v. Google LLC*, No. W-22-CV-00032-ADA, 2022 WL 17169178, at *12 (W.D. Tex. Nov. 1, 2022); *FLYPSI, INC., v. Google LLC*, No. W-22-CV-00031-ADA, 2022 WL 17347156, at *2 (W.D. Tex. Nov. 29, 2022).

*See*, *e.g.*, *Almondnet, Inc. v. Samsung Elecs. Co., Ltd. et al*; Case No. 21-CV-00891-ADA (W.D. Tex. Nov. 28, 2022) (applying Federal Circuit's analysis of the *Volkswagen* factors). Furthermore, even within the Fifth Circuit and non-patent cases, *Planned Parenthood*'s panel decision cannot change the Circuit's *en banc* precedent in, for example, *Volkswagen I and II*, which the Federal Circuit applies in patent cases for cases in the Fifth Circuit.  *In re Volkswagen of America, Inc.*, 545 F. 3d 304 (5th Cir. 2008) ("*Volkswagen I*"); *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 316 (5th Cir. 2008) ("*Volkswagen II*").  Thus, the premise for Red Rock's requested leave fails.

Red Rock's arguments directed to the three specific *Volkswagen* factors fare no better, as explained below.

### 2. Sources of Proof

First, Red Rock incorrectly argues *Planned Parenthood* changes the law by holding that "electronic documents accessible in both the transferor and transferee venues are not entitled to significant weight." Dkt. 136 at 1-2. *Planned Parenthood* states no such thing.  In *Planned Parenthood*, the Fifth Circuit merely states that the location of physical evidence "bears much more strongly on the transfer analysis" and recognizes that in that case, the district court had found physical evidence in both districts.  *Planned Parenthood*, 52 F.4th at 630.

The Fifth Circuit's statement about the location of physical evidence does change the law or impact the transfer analysis in this case.  The location of physical evidence has long been part of the analysis under Fifth Circuit law and this Court's jurisprudence.  *See, e.g.*, *Future Link Sys., LLC. v. Broadcom Inc.*, No. 6:21-CV-00264-ADA, 2022 WL 1063618, at *5 (W.D. Tex. Mar. 29, 2022) ("[A]fter considering the location of physical evidence and the relative ease of accessing electronic evidence, the Court finds this factor favors transfer."); *Gentex Corp. v. Meta Platforms, Inc.*, No. 6:21-CV-00755-ADA, 2022 WL 2654986, at *4 (W.D. Tex. July 8, 2022)

("As a result, the relevant physical evidence, electronic documents, and source code are more easily retrieved from the NDCA than from the WDTX. Thus, this factor weighs in favor of transfer.").

In its proposed brief, Red Rock incorrectly argues that *Planned Parenthood* holds that the location of equally-accessible electronic evidence is "neutral." Dkt. 137-1 at 1. However, the Fifth Circuit has long held that the fact "access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *Volkswagen II*, 545 F.3d at 316. Red Rock's mischaracterization of *Planned Parenthood* would mean that a Fifth Circuit panel overturned its own precedent set forth in *Volkswagen II* en banc. Indeed, this Court has correctly recognized that—even post *Planned Parenthood*—Fifth Circuit law still requires weighing the location of electronic evidence, even if they are equally accessible in both districts. *See, e.g.*, *Intell. Ventures I LLC v. Gen. Motors Co.*, No. 6:21-CV-01088-ADA, 2022 WL 16924468, at *10 (W.D. Tex. Nov. 1, 2022).

Moreover, *Planned Parenthood* is not a patent case, and thus does not disturb the Federal Circuit's long-standing holding that "[i]n ***patent infringement cases***, the bulk of the relevant evidence usually comes from the accused infringer" and "[c]onsequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020) (quoting *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (emphasis added); *see also* Dkt. 45 at 9.

In sum, *Planned Parenthood* neither changes the law nor impacts the Court's analysis under this factor, and thus any additional briefing is unnecessary.

### 3.   Compulsory process

Second, Red Rock incorrectly states that *Planned Parenthood* changes the law by holding that "witnesses cannot be presumed unwilling; the movant must make an affirmative showing of

3

unwillingness." Dkt. 137 at 2. Again, *Planned Parenthood* contains no such holding. Instead, the Fifth Circuit holds that "the availability of compulsory process 'receives less weight when it has not been alleged or shown that any witness would be unwilling to testify." 52 F.4th at 630-631. There is no statement requiring an "affirmative showing" of unwillingness. The Fifth Circuit merely recognizes that without an allegation of unwillingness, those witnesses receive "less weight."

*Planned Parenthood* does not change the law or affect the analysis in this case. Here, Defendants have identified third party prior art witnesses <u>and</u> have alleged that they are unwilling to testify without a subpoena. *See* Dkt. 45 at 10 ("Defendants have identified third parties located in NDCA who are likely to have key knowledge relevant to this case and are ***likely to require a subpoena to compel their attendance*** at trial.") (emphasis added). This Court post-*Planned Parenthood* continues to consider witnesses under the compulsory process factor, even without an affirmative showing of unwillingness. *See, e.g.*, *EcoFactor, Inc. v. Google LLC*, No. W-22-CV-00032-ADA, 2022 WL 17169178, at *8-9 (W.D. Tex. Nov. 1, 2022).

In sum, *Planned Parenthood* neither changes the law nor impacts the Court's analysis under this factor, and thus any additional briefing is unnecessary.

### 4. Court congestion

Third, Red Rock incorrectly states that *Planned Parenthood* changes the law by holding "that evaluating court congestion is entrusted to the discretion of the district court, not the appellate court" and "that the district court may take its own trial schedule into account when making this determination." Dkt. 137 at 2. That *Planned Parenthood* defers to the district court's factual findings regarding court congestion is not a change of law—the standard of review on mandamus is and has been for abuse of discretion. And *Planned Parenthood* never states anything about a "trial schedule" or "scheduling order"—it merely observes that "this case

appears to be timely proceeding to trial before the Amarillo Division." 52 F.4th at 631-632. The opinion makes no mention of a trial schedule. In any event, there is currently no scheduling order setting trial in this case, so *Planned Parenthood* would not impact the analysis in this case, even under Red Rock's mischaracterizations.

In sum, *Planned Parenthood* neither changes the law nor impacts the Court's analysis under this factor, and thus any additional briefing is unnecessary.

### B. Red Rock's Proposed Brief Impermissibly Adds Arguments That Could Have Been Raised

Finally, Red Rock's motion for leave should be denied because Red Rock's proposed brief includes belated arguments under the "sources of proof" factor regarding the location of purported physical evidence ▮▮▮▮▮▮▮▮▮▮ from SAS). Dkt. 137-1 at 1-2. Nowhere in Red Rock's prior briefing did it identify any relevant physical evidence in Texas, and these new allegations have already been demonstrated to be false by Qualcomm's unrebutted evidence. *See* Dkt. 101 at 32-33 (citing Dkt. 74-6 (Qualcomm's Suppl. Resp. to Rog. 4) at 12–14) and Dkt. 101-30 (Lee Decl.) ¶¶ 4-18, 28-31); Dkt. 112 at 2; *see also* Dkt. 101-30 (Lee Decl.) ¶¶ 4–14; 17–18. Regardless, *Planned Parenthood* does not permit Red Rock to introduce these new arguments seven months after briefing closed. The location of physical evidence has been part of this Court's transfer analysis long before *Planned Parenthood* issued, and Red Rock could have made such arguments in its first responsive brief, or even in its sur-reply brief. Red Rock's attempt to argue a "change in law" to belatedly introduce new arguments should be rejected.

### II. CONCLUSION

For the foregoing reasons, Red Rock's motion for leave should be denied. Should the Court grant Red Rock's motion (Dkt. 137), Defendants respectfully request leave to file a responsive brief by the later of January 6 or 14 days after an order on Red Rock's motion for

leave in view of the upcoming holiday and related travel. Local Rule CV-7(b). Given that Red Rock waited for a month to seek to file a new brief, the additional time will not result in prejudice.

| | |
|---|---|
| Dated: December 9, 2022 | Respectfully submitted, |
| /s/ *J. Stephen Ravel* | /s/ *Sarah Guske* |
| J. Stephen Ravel<br>State Bar No. 16584975<br>Kelly Ransom<br>State Bar No. 24109427<br>**KELLY HART & HALLMAN LLP**<br>303 Colorado, Suite 2000<br>Austin, Texas 78701<br>Tel: (512) 495-6429<br>steve.ravel@kellyhart.com Email:<br>kelly.ransom@kellyhart.com | Douglas M. Kubehl<br>State Bar No. 00796909<br>**BAKER BOTTS L.L.P.**<br>2001 Ross Avenue, Suite 900<br>Dallas, TX 75201<br>Tel.: (214) 953-6500<br>doug.kubehl@bakerbotts.com |
| Mark D. Selwyn (*Pro Hac Vice)*<br>Joseph F. Haag (*Pro Hac Vice)*<br>Anh-Khoa Tran (*Pro Hac Vice*)<br>Henry M. Nikogosyan (*Pro Hac Vice*)<br>**WILMER CUTLER PICKERING HALE<br>   AND DORR LLP**<br>2600 El Camino Real<br>Suite 400<br>Palo Alto, California 94306<br>Tel: (650) 858-6000<br>mark.selwyn@wilmerhale.com<br>joseph.haag@wilmerhale.com<br>khoa.tran@wilmerhale.com<br>henry.nikogosyan@wilmerhale.com | Sarah Guske (*Pro Hac Vice*)<br>**BAKER BOTTS L.L.P.**<br>101 California Street, Suite 3600<br>San Francisco, CA 94111<br>Tel: (415) 291-6200<br>sarah.guske@bakerbotts.com |
| | Nick Baniel (*Pro Hac Vice*)<br>**BAKER BOTTS L.L.P.**<br>1001 Page Mill Road<br>Building One, Suite 200<br>Palo Alto, CA 94304-007<br>Tel: (650) 739-7585<br>nick.baniel@bakerbotts.com |
| | ***Attorneys for Qualcomm, Inc.*** |
| Joseph J. Mueller (*Pro Hac Vice*)<br>Monica Grewal (*Pro Hac Vice*)<br>Annaleigh E. Curtis (*Pro Hac Vice*)<br>Madeleine C. Laupheimer (*Pro Hac Vice*)<br>**WILMER CUTLER PICKERING HALE<br>   AND DORR LLP**<br>60 State Street<br>Boston, Massachusetts 02109<br>Tel: (617) 526-6000<br>joseph.mueller@wilmerhale.com<br>monica.grewal@wilmerhale.com<br>annaleigh.curtis@wilmerhale.com<br>madeleine.laupheimer@wilmerhale.com | |
| ***Attorneys for Apple Inc.*** | |

7

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 9, 2022, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ J. Stephen Ravel*
J. Stephen Ravel
