**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| RED ROCK ANALYTICS, LLC, | |
| Plaintiff, | Civil Action No. 6:21-cv-00346-ADA |
| v. | |
| APPLE INC., QUALCOMM, INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

**RED ROCK'S SECOND SUPPLEMENTAL BRIEF REGARDING**
**DEFENDANTS' MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a)**

On February 1, 2023, the Federal Circuit issued its *Google* mandamus opinion, which held:

> It appears undisputed that Jawbone (unlike its predecessor owners of the patents) is not engaged in product competition in the marketplace and is not threatened in the market in a way that, in other patent cases, might add urgency to case resolution and give some significance to the time-to-trial difference. Nor does the record reveal any other basis on which to accord significance to whatever greater speed the district court speculates it could reach trial as compared to Northern California. … This factor, then, is neutral.

*In re Google LLC*, 58 F.4th 1379, 1383 (Fed. Cir. 2023). This Court subsequently issued several opinions finding the court congestion factor neutral in cases where the plaintiff did not present evidence that it engaged in "product competition in the marketplace." *See Atlas Global Techs. LLC v. OnePlus Techs. (Shenzhen) Co., Ltd.*, No. 6:21-cv-1217-ADA, Dkt. 72 at 22 (March 10, 2023); *SVV Tech. Innovations, Inc. v. ASUSTeK Comput. Inc.*, No. 6:22-cv-311-ADA, 2023 U.S. Dist. LEXIS 57880, at *30 (W.D. Tex. Apr. 3, 2023).

However, more recent opinions from the Federal Circuit show that this Court is ***not*** compelled to find this factor neutral simply because the plaintiff did not present evidence of "product competition in the marketplace." *See In re: TP-Link Techs. et al.*, No. 2023-123 at 2-3 (Fed. Cir. April 11, 2023) (nonprecedential, attached as Ex. A) (denying mandamus where "the court is likely to be faster in adjudicating the case"); *In re Roku, Inc.*, No. 2023-114, 2023 U.S. App. LEXIS 6966, at *2 (Fed. Cir. Mar. 23, 2023) (nonprecedential) (denying mandamus where "the court was likely to be faster in adjudicating the matter"); *In re Google LLC*, No. 2023-112, 2023 U.S. App. LEXIS 5255, at *2 (Fed. Cir. Mar. 6, 2023) (nonprecedential) (denying mandamus where "the Western District is likely to be faster in adjudicating the case"). In each case, the district court held that the court congestion factor weighs against transfer, and in each case, there was no evidence that the plaintiff engaged in product competition in the marketplace. *See Atlas Global Techs. LLC v. TP-Link Techs. et al.*, No. 2:21-cv-00430-JRG-RSP, Dkt. 92 at 17-18 (E.D. Tex.

Dec. 28, 2022); *IOENGINE, LLC v. Roku Inc.*, No. 6:21-cv-01296-ADA-DTG, Dkt. 87 at 16-17 (W.D. Tex. Oct. 21, 2022); *Flypsi, Inc. d/b/a Flyp v. Google, LLC*, No. 6:22-cv-00031-ADA, Dkt. 76 at 25-26 (W.D. Tex. Nov. 29, 2022).

Controlling Fifth Circuit authority also empowers this Court to give weight to the court congestion factor even in the absence of "product competition." In *Planned Parenthood,* the Fifth Circuit held that the court congestion factor weighed against transfer. *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 631 (5th Cir. 2022) ("[T]his case appears to be timely proceeding to trial before the Amarillo Division. That fact further counsels against transfer."). This was true even though the parties were not engaged in "product competition" and indeed no products were involved in the lawsuit at all. The underlying lawsuit was a *qui tam* action brought on behalf of the United States, Texas, and Louisiana based on allegations of Medicaid fraud. *United States v. Planned Parenthood Fed'n of Am., Inc.*, No. 2:21-CV-022-Z, 2022 U.S. Dist. LEXIS 239972, at *5-6 (N.D. Tex. Sep. 20, 2022). There is no support in Fifth Circuit law for the proposition that the court congestion factor is neutral absent "product competition."

As shown above, *Google*'s holding on the court congestion factor cannot be reconciled with controlling Fifth Circuit authority. Moreover, *Google*'s holding was confined to its narrow factual circumstances, which are unlike the facts of this case. In *Google*, the record provided no "basis on which to accord significance" to the court congestion factor. In this case, Red Rock has submitted extensive expert testimony that quantifies the opportunity cost of delays associated with court congestion and places a significant dollar value on this cost of delay. Dkt. 73-2 (Weinstein Declaration) at ¶¶93-108. Here, Red Rock has proven there is a "basis on which to accord significance" to the court congestion factor in this case. The Court should find this factor weighs against transfer.

DATED: April 14, 2023

*/s/ Alden G. Harris*
Leslie V. Payne (Texas Bar No. 00784736)
lpayne@hpcllp.com
Michael F. Heim (Texas Bar No. 09380923)
mheim@hpcllp.com
Alden G. Harris (Texas Bar No. 24083138)
aharris@hpcllp.com
HEIM, PAYNE & CHORUSH, L.L.P.
1111 Bagby, Suite 2100
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021

T. John Ward, Jr. (Texas Bar No. 00794818)
jw@wsfirm.com
Claire Abernathy Henry (Texas Bar No. 24053063)
claire@wsfirm.com
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone (903) 757-6400
Facsimile (903) 757-2323

S. Calvin Capshaw (Texas Bar No. 03783900)
ccapshaw@capshawlaw.com
Elizabeth L. DeRieux (TX Bar No. 05770585)
ederieux@capshawlaw.com
CAPSHAW DERIEUX LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770

**ATTORNEYS FOR RED ROCK ANALYTICS, LLC**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system on April 14, 2023.

*/s/ Alden G. Harris*
Alden G. Harris