# Exhibit A

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re: TP-LINK TECHNOLOGIES CO., LTD., TP-LINK CORP. LTD., fka TP-Link International Ltd.,**
*Petitioners*

---

2023-123

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 2:21-cv-00430-JRG-RSP, Chief Judge J. Rodney Gilstrap.

---

**ON PETITION**

---

Before LOURIE, PROST, and WALLACH, *Circuit Judges*.

WALLACH, *Circuit Judge*.

### O R D E R

TP-Link Technologies Co., Ltd. and TP-Link Corp. Ltd. (collectively, "TP-Link"), the defendants in this patent infringement suit, petition for a writ of mandamus directing the United States District Court for the Eastern District of Texas to grant TP-Link's motion to transfer this case pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Central District of California. Atlas Global Technologies LLC ("Atlas"), the plaintiff that brought this

suit against TP-Link, opposes. For the reasons that follow, we deny the petition.

In adopting the recommendation of the magistrate judge to deny transfer, the district court found, among other things, that the defendants have no presence in the Central District of California; that while TP-Link's domestic distributor (TP-Link USA Corporation) is headquartered in that forum, it has no additional information not already in possession of the defendants; that the cost of attending proceedings is not materially different between the two forums given potential witnesses in both California and Texas and TP-Link's employees having to travel internationally; that the Texas court had the ability to compel the testimony of potential non-party witnesses (an inventor, component suppliers, and non-parties with relevant and material technical information); that Atlas has filed two other pending cases in the Eastern District of Texas involving the same patents and technology; and that the court is likely to be faster in adjudicating the case.

To prevail on its mandamus petition, a petitioner must establish, among other things, that its right to relief is "clear and indisputable." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 381 (2004) (citation and internal quotation marks omitted). In the § 1404(a) context, which we assess under regional circuit law (here, the Fifth Circuit), a petitioner must show that the denial of transfer was such a "clear abuse of discretion" that refusing transfer would produce a "patently erroneous result." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) (en banc). This is a highly deferential standard, under which we leave the district court's decision undisturbed unless it is clear "that the facts and circumstances are without any basis for a judgment of discretion." *Id.* at 312 n.7 (citation omitted). We cannot say that TP-Link has shown such a clear abuse of discretion here.

The district court considered the relevant factors and reasonably determined that TP-Link had failed to show that the Central District of California was clearly more convenient. In particular, the court plausibly found that judicial-economy considerations weighed against transfer because of the co-pending claims and suits concerning the same patents. While TP-Link is correct that such considerations do not necessarily override a clear imbalance on the other transfer factors, *see In re Google LLC*, 58 F.4th 1379, 1383 (Fed. Cir. 2023), we cannot say that TP-Link has made such a showing here, given the fact that none of the defendants is located in the transferee forum and TP-Link's motion failed to identify any specific TP-Link USA employees as potential witnesses.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

April 11, 2023
Date

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court