# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| RED ROCK ANALYTICS LLC,<br><br>       *Plaintiff*,<br><br><br>   v.<br><br><br>APPLE INC., QUALCOMM, INC.<br><br>       *Defendant*. | Case No. 6:21-cv-00346-ADA<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S SECOND SUPPLEMENTAL
BRIEF (DKT. 153) REGARDING DEFENDANTS' MOTION
<u>TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA</u>**

Red Rock's ("RRA") latest brief lends no support to its motion to transfer arguments.

The Federal Circuit is clear that where, as here, the parties are not engaged in product competition and the plaintiff is not threatened in the market in a way that might add urgency to case resolution, "it [is] a clear abuse of discretion to accord [the court congestion] factor any weight." *In re Google LLC*, 58 F.4th 1379, 1383 (Fed. Cir. 2023) ("*Google*"). *Google* is binding Federal Circuit law that this Court has appropriately followed in subsequent transfer decisions. *See, e.g.*, *Atlas Global Techs. LLC v. OnePlus Techs. (Shenzhen) Co., Ltd.*, No. 6:21-cv-1217-ADA, Dkt. 72 at 22 (Mar. 10, 2023); *SVV Tech. Innovations, Inc. v. Asustek Computer Inc.*, No. 6:22-CV-311-ADA, 2023 WL 2764761, at *10–11 (W.D. Tex. Apr. 3, 2023). RRA's attempts to dissuade the Court from adhering to Federal Circuit precedent is wrong for three reasons.

***First***, RRA's reliance on three, one-page non-precedential Federal Circuit decisions is misguided.[1] Contrary to RRA's suggestion (RRA Br. at 1), these decisions were not based on the court congestion factor. Each decision merely summarizes the findings of the district court and concludes that the petitioner failed to overcome the high burden for mandamus. *In re TP-Link Techs. Co., Ltd.*, No. 2023-123, 2023 WL 2881314, at *1 (Fed. Cir. Apr. 11, 2023) (noting lack of defendant presence or witnesses in transferee forum among the reasons for denying petition); *In re Google LLC*, No. 2023-112, 2023 WL 2359714, at *1 (Fed. Cir. Mar. 6, 2023) (considering record regarding multiple factors, including relevant witness location); *In re Roku, Inc*., No. 2023-114, 2023 WL 2609122, at *1 (Fed. Cir. Mar. 23, 2023) ("Here, the district court considered the relevant factors."). These decisions do not provide additional legal analysis or guidance, much less regarding the court congestion factor, and in any event cannot override *Google's* clear and

---

[1] A "non-precedential" decision is "one determined by the panel issuing it as not adding significantly to the body of law." Fed. Cir. R. 32.1(b).

binding precedent. *See* Fed. Cir. R. 32.1(d) ("The court … will not give one of its own nonprecedential dispositions the effect of binding precedent.").

**Second**, RRA's renewed attempt to misconstrue *In re Planned Parenthood Fed'n of Am., Inc.,* 52 F.4th 625 (5th Cir. 2022), also fails. *See also* Dkt. 137-1 (RRA Suppl. Br.) (urging the same interpretation of *Planned Parenthood* as here). RRA argues that *Planned Parenthood* is inconsistent with *Google* because the Fifth Circuit gave weight to the court congestion factor even in the absence of "product competition." However, *Google's* analysis relates to considerations unique to **patent** cases, such as the current action, whereas *Planned Parenthood* was not a patent case. *Google*, 58 F.4th at 1383 ("It appears undisputed that Jawbone … is not threatened in the market in a way that, **in other patent cases**, might add urgency to case resolution and give some significance to the time-to-trial difference.") (emphasis added). As such, there is no tension between *Planned Parenthood* and *Google* that needs to be reconciled. *Google* is binding in this patent action. *Id.* ("While we defer to the district court's assessment of the average time to trial data, in this case it was a clear abuse of discretion to accord this factor any weight.") (citations omitted).

**Lastly**, RRA repeats that it submitted expert testimony that quantifies why the Court should "accord significance" to the court congestion factor. However, Defendants have already rebutted Mr. Weinstein's entirely speculative and unreliable "opportunity costs" contention and provided other reasons that congestion does not weigh against transfer. Dkt. 101 at 36-37.

Therefore, under clear and binding Federal Circuit precedent, the "court congestion" factor in this patent case must be neutral because the parties are not market competitors. *Google*, 58 F.4th at 1383.

Dated: April 28, 2023

*/s/ Steven J Wingard*

Steven J. Wingard
State Bar No. 00788694
Stephen L. Burbank
State Bar No. 24109672
Robert P. Earle
State Bar No. 24124566
**SCOTT, DOUGLASS &
MCCONNICO, L.L.P.**
303 Colorado Street, Suite 2400
Austin, Texas 78701
Tel: (512) 495-6300
Fax: (512) 495-6399
swingard@scottdoug.com
sburbank@scottdoug.com
rearle@scottdoug.com

Mark D. Selwyn (*Pro Hac Vice*)
Joseph F. Haag (*Pro Hac Vice*)
S. Dennis Wang (*Pro Hac Vice*)
Anh-Khoa Tran
Henry M. Nikogosyan (*Pro Hac Vice*)
**WILMER CUTLER PICKERING HALE
    and DORR LLP**
2600 El Camino Real
Suite 400
Palo Alto, California 94306
Tel: (650) 858-6000
mark.selwyn@wilmerhale.com
joseph.haag@wilmerhale.com
dennis.wang@wilmerhale.com
khoa.tran@wilmerhale.com
henry.nikogosyan@wilmerhale.com

Joseph J. Mueller (*Pro Hac Vice*)
Monica Grewal (*Pro Hac Vice*)
Annaleigh E. Curtis (*Pro Hac Vice*)
Madeleine C. Laupheimer (*Pro Hac Vice*)
**WILMER CUTLER PICKERING HALE
    and DORR LLP**
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6000
joseph.mueller@wilmerhale.com

Respectfully submitted,

*/s/ Sarah Guske*

Douglas M. Kubehl
State Bar No. 00796909
**BAKER BOTTS L.L.P.**
2001 Ross Avenue, Suite 900
Dallas, TX 75201
Tel.: (214) 953-6500
doug.kubehl@bakerbotts.com

Sarah Guske (*Pro Hac Vice*)
Nick Baniel (*Pro Hac Vice*)
**BAKER BOTTS L.L.P.**
101 California Street, Suite 3600
San Francisco, CA 94111
Tel: (415) 291-6200
sarah.guske@bakerbotts.com
nick.baniel@bakerbotts.com

***Attorneys for Qualcomm, Inc.***

monica.grewal@wilmerhale.com
annaleigh.curtis@wilmerhale.com
madeleine.laupheimer@wilmerhale.com

***Attorneys for Apple Inc.***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via electronic mail on April 28, 2023.

*/s/ Steven J. Wingard*
Steven J. Wingard