FILED
March 01, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: \_\_\_\_lad\_\_\_\_
        DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| RED ROCK ANALYTICS, LLC,<br><br>           Plaintiff,<br><br>v.<br><br>APPLE INC., QUALCOMM, INC.,<br><br>           Defendants. | Civil Action No. 6:21-cv-00346-ADA<br><br>**JURY TRIAL DEMANDED** |

**RED ROCK'S THIRD SUPPLEMENTAL BRIEF REGARDING
DEFENDANTS' MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a)**

Red Rock filed a Supplemental Brief on December 2, 2022 discussing *Planned Parenthood*, which held that discretion to evaluate court congestion is entrusted to the district court, and a district court may consider its own trial schedule. Dkt. 137-1 at 3. Red Rock filed a Second Supplemental Brief on April 14, 2023 addressing *In re Google*, which erroneously held the court congestion factor is neutral absent evidence of "product competition in the marketplace" or some "other basis on which to accord significance" to court congestion. Dkt. 152-1. Since those supplemental briefs were filed, this Court has found the court congestion factor neutral in the absence of "product competition." *See Zentian v. Apple*, No. 6:22-cv-122-ADA, Dkt. 100 at 19-20 (W.D. Tex. June 13, 2023); *Motion Offense v. Google*, No. 6:21-cv-00514-ADA, Dkt. 86 at 6-7 (W.D. Tex. May 25, 2023). Red Rock files this Third Supplemental Brief to address those orders.

In *Motion Offense*, this Court recognized that *In re Google* contradicts *Planned Parenthood*, which is binding Fifth Circuit precedent:

> Under the Federal Circuit's logic of *In re Google*, this factor would have been neutral in *In re Planned Parenthood* because the primary remedy sought there is monetary damages. Yet the Fifth Circuit still considered the court congestion factor in *In re Planned Parenthood* and affirmed the district court's decision to weigh this factor against transfer.

*Motion Offense*, Dkt. 86 at 6 n.1. When Fifth Circuit §1404 law contradicts Federal Circuit law, Fifth Circuit law controls. *In re Cloudflare, Inc.*, No. 2022-167, 2022 U.S. App. LEXIS 31871, at *3 (Fed. Cir. 2022) ("On mandamus review of a §1404(a) decision, we apply regional circuit law"). *In re Google* contradicts *In re Planned Parenthood*, a case that held court congestion weighed against transfer despite no products or product competition involved in the lawsuit. *See* Dkt. 152-1 at 2. *In re Google* is therefore not controlling law. Defendants invite legal error by relying on it.

*In re Google* cannot possibly be correct because court congestion is a **public**—not a private—interest factor. Public interest factors are concerned with the interests of the public, not

1

the private commercial interests of the parties, such as whether they engage in product competition. As the Supreme Court held when it first established the transfer factors, court congestion is about the harm to public courts from congestion, not private harm to the parties: "Factors of **public interest** also have place in applying the doctrine. Administrative difficulties follow **for courts** when litigation is piled up in congested centers instead of being handled at its origin." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) (emphasis added).[1] The Fifth Circuit likewise holds this factor is based on the "***court's interest*** in controlling a crowded docket." *City of New Orleans Emples. Ret. Sys. v. Hayward*, 508 F. App'x 293, 299 (5th Cir. 2013) (emphasis added). Qualcomm and Apple recognized this when they argued in their Reply Brief that this factor is about the public's interest, not Red Rock's private convenience. Dkt. 45 at 37.

Other than *In re Google*, no decision from the Fifth Circuit, the Federal Circuit, or any Federal court of appeals has ever held that "product competition" should be considered under the court congestion factor. No Federal Circuit decision since *In re Google* has ever followed its holding on court congestion (nor has any district court other than WDTX). To the contrary—multiple subsequent Federal Circuit decisions have declined to follow *In re Google* and found no error in district court decisions that weighed court congestion against transfer despite no product competition. Dkt. 152-1 at 1 (discussing three of these decisions).

Even if this Court were to follow *In re Google*, the Court should still weigh court congestion against transfer because Red Rock presented evidence of a "basis on which to accord significance" to this factor, namely, expert testimony that quantifies the economic cost of delay from court congestion and places a significant dollar value on this cost. Dkt. 73-2 at ¶¶93-108.

---

[1] The *Volkswagen* factors come from *Gulf Oil*. See *In re Volkswagen AG*, 371 F.3d 201, 206 (5th Cir. 2004).

2

DATED: June 27, 2023

<u>/s/ Alden G. Harris</u>
Leslie V. Payne (Texas Bar No. 00784736)
lpayne@hpcllp.com
Michael F. Heim (Texas Bar No. 09380923)
mheim@hpcllp.com
Alden G. Harris (Texas Bar No. 24083138)
aharris@hpcllp.com
HEIM, PAYNE & CHORUSH, L.L.P.
1111 Bagby, Suite 2100
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021

T. John Ward, Jr. (Texas Bar No. 00794818)
jw@wsfirm.com
Claire Abernathy Henry (Texas Bar No. 24053063)
claire@wsfirm.com
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone (903) 757-6400
Facsimile (903) 757-2323

S. Calvin Capshaw (Texas Bar No. 03783900)
ccapshaw@capshawlaw.com
Elizabeth L. DeRieux (TX Bar No. 05770585)
ederieux@capshawlaw.com
CAPSHAW DERIEUX LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770

**ATTORNEYS FOR RED ROCK ANALYTICS, LLC**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system on June 27, 2023.

*/s/ Alden G. Harris*
Alden G. Harris
