**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| RED ROCK ANALYTICS LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>APPLE INC., QUALCOMM, INC.<br><br>　　　　Defendant. | Case No. 6:21-cv-00346-ADA<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' CORRECTED RESPONSE TO PLAINTIFF'S THIRD AND FOURTH
SUPPLEMENTAL BRIEFS (DKT. 159, 162) REGARDING DEFENDANTS' MOTION
TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA**

Red Rock's ("RRA") third and fourth supplemental briefs again urge this Court to ignore *In re Google's* binding precedent on the court congestion factor—precedent that the Federal Circuit has followed repeatedly,[1] as Red Rock acknowledges. RRA's arguments fare no better than before, for the following reasons.

First, contrary to RRA's arguments, there is no conflict between Fifth Circuit and Federal Circuit law on the court congestion factor. This Court concluded that the Federal Circuit's *In re Google* decision **relies** on the Fifth Circuit's opinion *In re Planned Parenthood*. *See Motion Offense, LLC v. Google LLC*, 6:21-cv-00514-ADA, Dkt. 86 at 5-6 (W.D. Tex. May 25, 2023) ("Although the Court agrees with Motion Offense that *In re Planned Parenthood* confirms that Fifth Circuit law governs the transfer motion here, the Federal Circuit has since issued a precedential opinion **relying on** *In re Planned Parenthood*.") (emphasis added). Furthermore, as Defendants already explained in their Response to RRA's Second Supplemental Brief, there is no tension between *Planned Parenthood* and *Google* because *Google's* analysis relates to considerations unique to **patent** cases. Dkt. 154 at 2. The same is true for the Fifth Circuit's *In re Clark* decision, which, like *Planned Parenthood*, also was not a patent case. Therefore, as the Court correctly concluded, "*In re Google* is binding precedent on this Court" such that it would be a clear abuse of discretion for this Court to afford the court congestion factor any weight where the parties are not engaged in product competition, as is the case here. *See Motion Offense*, Dkt. 86 at 6-7.

Second, RRA's attempts to overturn binding Federal Circuit precedent are unavailing. RRA suggests that *In re Google* misconstrues the "court congestion" factor as a private factor, but

---

[1] *In re Meta Platforms, Inc.*, No. 2023-143, 2023 U.S. App. LEXIS 28709, at *5 (Fed. Cir. Oct. 30, 2023); *In re Samsung Elecs. Co.*, No. 2023-146, 2023 U.S. App. LEXIS 33014, at *7 (Fed. Cir. Dec. 14, 2023).

the Federal Circuit explicitly acknowledged that it was a public interest factor. *In re Google LLC*, 58 F.4th 1379, 1382 (Fed. Cir. 2023) ("The public interest factors are: (1) the administrative difficulties flowing from court congestion…."). Instead, *In re Google* acknowledges that the speed in which the case is resolved due to the court's congestion—which is a public concern—is neutral in patent cases where "that [the patentee] is not engaged in product competition … and is not threatened in the market in a way that … might add urgency to case resolution and give some significance to the time-to-trial difference." *Google*, 58 F.4th at 1383.

Lastly, even if the Court were to follow RRA's suggestion to ignore Federal Circuit precedent and accept as true RRA's expert's average time-to-trial statistics, Dkt. 073-02 ¶¶ 95-96 (average of 23.0 to 23.9 months in WDTX Waco Division compared to 30.7 months in NDCA), the court congestion factor would favor transfer in this instance. This case was filed over 35 months ago—but the case is still in its infancy. Discovery has not begun, and there has been no *Markman* hearing. Therefore, this case has been pending longer than the claimed average time-to-trial in WDTX Waco and will almost certainly take longer to resolve than the claimed average time-to-trial in NDCA. Regardless of RRA's speculative "economic cost of delay" theory—which Defendants have already rebutted (Dkt. 101 at 36-37)—the schedule in this case supports transfer.

Dated: March 15, 2024

/s/     *Steven J. Wingard*

Steven J. Wingard
Texas State Bar No. 00788694
Stephen L. Burbank
Texas State Bar No. 24109672
Robert P. Earle
State Bar No. 24124566
**SCOTT, DOUGLASS & MCCONICO, L.L.P**.
303 Colorado Street, Suite 2400
Austin, Texas 78701
Tel: (512) 495-6300
swingard@scottdoug.com
sburbank@scottdoug.com
rearle@scottdoug.com

Mark D. Selwyn (*Pro Hac Vice)*
Joseph F. Haag (*Pro Hac Vice)*
S. Dennis Wang (*Pro Hac Vice*)
Henry M. Nikogosyan (*Pro Hac Vice*)
**WILMER CUTLER PICKERING HALE
  AND DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Tel: (650) 858-6000
mark.selwyn@wilmerhale.com
joseph.haag@wilmerhale.com
dennis.wang@wilmerhale.com
henry.nikogosyan@wilmerhale.com

Joseph J. Mueller (*Pro Hac Vice*)
Monica Grewal (*Pro Hac Vice*)
Annaleigh E. Curtis (*Pro Hac Vice*)
Madeleine C. Laupheimer (*Pro Hac Vice*)
**WILMER CUTLER PICKERING HALE
  AND DORR LLP**
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6000
joseph.mueller@wilmerhale.com
monica.grewal@wilmerhale.com
annaleigh.curtis@wilmerhale.com
madeleine.laupheimer@wilmerhale.com

*Attorneys for Apple Inc.*

Respectfully submitted,

/s/     *Douglas M. Kubehl*

Douglas M. Kubehl
State Bar No. 00796909
**BAKER BOTTS L.L.P.**
2001 Ross Avenue, Suite 900
Dallas, TX 75201
Tel.: (214) 953-6500
doug.kubehl@bakerbotts.com

Sarah Guske *(Pro Hac Vice)*
Nick Baniel *(Pro Hac Vice)*
**BAKER BOTTS L.L.P.**
101 California Street, Suite 3600
San Francisco, CA 94111
Tel: (415) 291-6200
sarah.guske@bakerbotts.com
nick.baniel@bakerbotts.com

*Attorneys for Qualcomm, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via electronic mail on March 15, 2024.

/s/     Steven J. Wingard
Steven J. Wingard
