**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| RED ROCK ANALYTICS LLC, | |
| Plaintiff, | Case No. 6:21-cv-00346-ADA |
| v. | **JURY TRIAL DEMANDED** |
| APPLE INC., QUALCOMM, INC. | |
| Defendant. | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
FIFTH SUPPLEMENTAL BRIEF (DKT. 166) REGARDING DEFENDANTS'
<u>MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA</u>**

Seven briefs and extensive venue discovery by Red Rock ("RRA") have only confirmed that RRA has no connection to this District, and the relevant witnesses and evidence are in California. In its Fifth Supplemental Brief, RRA tries to liken this case to *Resonant Systems, Inc. v. Apple, Inc.*, but that case is inapposite.

***First***, unlike what the Court found in *Resonant*, Defendants submitted numerous declarations from individuals with personal knowledge about activities in WDTX. In *Resonant*, the Court criticized Apple's declarants after finding they lacked personal knowledge about Apple's activities and sources of proof in WDTX. *Resonant* at 9-11. But here, Apple submitted over a dozen declarations from individuals who work at Apple's Austin campuses and who indisputably have personal knowledge. Dkt. 101-15 to 101-28. And Qualcomm submitted a declaration from Tim Short, a Texas-based engineer with personal knowledge of Qualcomm's activities and sources of proof in WDTX (or lack thereof), along with declarations from people with knowledge about where relevant work is and is not performed. Dkt. 101-31, -30; Dkt. 74-13, -14; Dkt. 45-15, -16.

***Second***, far from placing a "thumb [on] one side of the scales," *Resonant* at 9, Defendants provided extensive discovery into their WDTX activities, including in response to RRA's voluminous and conclusory "expert" reports speculating about Texas employees. Apple and Qualcomm produced extensive lists of Texas-based employees, including their job titles and their locations. Dkt. 74-3 at 10; 75-19. And, unlike what the Court found in *Resonant*, Defendants disclosed how they investigated their WDTX activities. For example, Apple disclosed how it conducted numerous interviews, including with multiple Texas site managers and a high-level manager overseeing Austin teams (Dkt. 73-6 at 59-61, 108-109), and Qualcomm disclosed how it surveyed 160 Texas employees, conducted numerous interviews, and worked with knowledgeable managers (including the declarants) (Dkt. 73-24 ¶¶ 6-18). Defendants collectively investigated

*hundreds* of WDTX employees identified by RRA and confirmed their lack of relevance. Dkt. 101 at 12-24. Defendants also identified dozens of databases used by the relevant teams and their locations, including databases that house Qualcomm source code. *Id.* at 32-33; Dkt. 74-3 at 14-16; 74-16 at 11-15. Thus, RRA's contention that Defendants "did not even try to investigate any sources of proof in Texas" is false.[1]  RRA's complaint that the declarants did not provide details about the contents of the databases (none even located in Texas) is irrelevant as already recognized by this Court.[2]  It is undisputed that the most relevant work is performed in California and the most relevant documents are created and maintained there. Dkt. 101 at 17-18, 33.

**Finally**, in contrast to RRA's characterization of *Resonant*, Defendants did not "define relevance in an unduly narrow way." RRA repeats its disproven assertion that Qualcomm excluded "relevant hardware" to limit the scope of potential witnesses. As explained in Defendants' Reply, Qualcomm identified witnesses with direct knowledge of both software **and** hardware relevant to the accused technology. Dkt. 101 at 11, n.4. The witnesses RRA complains about confirmed they have no knowledge of the design of any specific hardware and merely test simulations of *generic* hardware components that the inventor admitted he did not invent. Dkt. 73-12 at 39:1–17; 67:20–73:8; Dkt. 101-31. RRA's other complaints relate to wafer fabrication that the inventor admitted is not remotely relevant to the patent. Dkt. 73-12 at 77:6–23; Dkt. 101-30. The Court should reject RRA's attempt to sweep in engineers without any knowledge of the relevant features while simultaneously ignoring the evidence demonstrating that the relevant witnesses and evidence overwhelmingly reside in NDCA and San Diego.

---

[1] RRA points to incomplete deposition testimony that was debunked by the complete transcript of that witness and the witness's declaration. *E.g.*, Dkt. 45-16 ¶¶ 13-20; Dkt. 73-5 at 36:11-21.
[2] During discovery, the Court ruled that each Defendant "met its discovery obligations" by identifying database locations without the need to provide their contents. Dkt. 101-29 at 2-3.

Dated: September 27, 2024

Respectfully submitted,

/s/ *Steven J. Wingard*

Steven J. Wingard
Texas State Bar No. 00788694
Stephen L. Burbank
Texas State Bar No. 24109672
Robert P. Earle
State Bar No. 24124566
SCOTT, DOUGLASS & MCCONICO, L.L.P.
303 Colorado Street, Suite 2400
Austin, Texas 78701
Tel: (512) 495-6300
Fax: (512) 495-6399
swingard@scottdoug.com
sburbank@scottdoug.com
rearle@scottdoug.com

Mark D. Selwyn (*Pro Hac Vice*)
Joseph F. Haag (*Pro Hac Vice*)
Henry M. Nikogosyan (*Pro Hac Vice*)
**WILMER CUTLER PICKERING HALE
  AND DORR LLP**
2600 El Camino Real
Suite 400
Palo Alto, California 94306
Tel: (650) 858-6000
mark.selwyn@wilmerhale.com
joseph.haag@wilmerhale.com
henry.nikogosyan@wilmerhale.com

Joseph J. Mueller (*Pro Hac Vice*)
Monica Grewal (*Pro Hac Vice*)
Annaleigh E. Curtis (*Pro Hac Vice*)
Madeleine C. Laupheimer (*Pro Hac Vice*)
**WILMER CUTLER PICKERING HALE
  AND DORR LLP**
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6000
joseph.mueller@wilmerhale.com
monica.grewal@wilmerhale.com
annaleigh.curtis@wilmerhale.com
madeleine.laupheimer@wilmerhale.com

***Attorneys for Apple Inc.***

/s/ *Douglas M. Kubehl*

Douglas M. Kubehl
State Bar No. 00796909
**BAKER BOTTS L.L.P.**
2001 Ross Avenue, Suite 900
Dallas, TX 75201
Tel.: (214) 953-6500
doug.kubehl@bakerbotts.com

Sarah Guske (*Pro Hac Vice*)
Nick Baniel (*Pro Hac Vice*)
**BAKER BOTTS L.L.P.**
101 California Street, Suite 3600
San Francisco, CA 94111
Tel: (415) 291-6200
sarah.guske@bakerbotts.com
nick.baniel@bakerbotts.com

***Attorneys for Qualcomm, Inc.***

## **CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via electronic mail on September 27, 2024.

/s/ *Steven J. Wingard*

Steven J. Wingard
